BURKE, APPELLANT, *v.* INTER-STATE SAVINGS AND
LOAN ASSOCIATION, RESPONDENT.

(No. 1,296.)

(Submitted March 20, 1901.    Decided May 6, 1901.)

*Judgment — Conclusiveness — Collateral Attack — Jurisdiction — Presumptions — Waiver — Pleading — Summons— Service.*

1. A reply denying "each and every material allegation" of the answer, is bad for uncertainty.
2. An objection to a replication denying the "material" allegations of the answer, not taken in the trial court, is waived on appeal.
3. Where a complaint alleged "that the said note is now long past due and unpaid, that payment of the same has been frequently demanded, and that plaintiff is now the owner and holder thereof," a judgment thereon by default is admissible in a collateral action, assuming that the complaint defectively alleged nonpayment of the note.
4. A judgment which is merely voidable is not open to collateral attack.
5. A judgment of the district court, having jurisdiction of the subject-matter of the action, unless void on its face or on inspection of the judgment roll, is not open to collateral attack.
6. Upon direct attack by appeal, the presumption that the court rendering a judgment by default had jurisdiction of the person of the defendant does not obtain; in such case the record must disclose the acquisition of jurisdiction over the defendant, otherwise the judgment will be reversed.
7. Where a direct attack, other than by appeal, is made upon the judgment of a domestic court of general jurisdiction, the presumption that jurisdiction was had of the defendant obtains, unless the record affirmatively shows the contrary, or that the defendant was at the time of service without the territorial limits of the court's jurisdiction.
8. An affidavit of service of summons made by a private person may, upon direct attack, other than appeal, be falsified by evidence *aliunde* the record.
9. An affidavit of service of summons omitted the statement that the person serving the same was over 18 years of age, as required by Compiled Statutes 1887, Secs. 71, 78, 80, providing by whom and how the service shall be made, what proof thereof shall be sufficient, and that from the time of service of summons the court is deemed to have acquired jurisdiction, and to have control of all subsequent proceedings. *Held,* that a judgment rendered thereon was not void on its face, so as to be subject to collateral attack; the judgment roll showing no want of jurisdiction, but merely irregularity in obtaining it.
10. Service of summons by one who was not of the age required by statute, though defective, would not make void or subject to collateral attack a judgment rendered by a court having jurisdiction of the subject-matter and parties, and keeping within the limits of its power.
11. Service of summons on Sunday is not a nullity, but a mere irregularity, and a judgment based upon it is not void, but voidable (overruling *Hauswirth* v. *Sullivan,* 6 Mont. 203).

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by John Burke against the Inter-State Savings & Loan Association for an accounting and to quiet title. From a judgment for defendant, plaintiff appeals. Affirmed.

*Messrs. Stanton & Stanton,* for Appellant.

*Mr. James W. Freeman* and *Mr. Sol. Hepner,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

On July 15, 1892, the plaintiff delivered to the defendant his promissory note of that day, and, to secure its payment, executed a mortgage on a lot in Great Falls, Montana. In his complaint he states, in substance, that the note and mortgage have been fully paid and satisfied by him, but that the defendant refuses to surrender the note or satisfy the mortgage, and retains them; that the defendant refuses to account to the plaintiff, or to pay over to him an amount which the plaintiff alleges he has paid to the defendant in excess of the debt; and that the defendant claims an interest in the property mortgaged adverse to the plaintiff, but that such interest, if any there be, is subject to the right and title of the plaintiff. Judgment is prayed for an accounting, and that the defendant be required to satisfy and discharge the mortgage and deliver to the plaintiff the note, to quiet the title of plaintiff as against the defendant, and for judgment in his favor for such sum as may be ascertained to be due. The defendant, by answer, denies that the note and mortgage, or either, have or has been paid or satisfied; and pleads that the defendant has been the owner and in possession of the property so mortgaged, since the 14th day of September, 1894. The defendant demands judgment that the complaint be dismissed, and the defendant be decreed to be the

owner and entitled to the possession of the property as against the plaintiff and those claiming through or under him. The plaintiff, by reply, denies "each and every material allegation in said amended answer contained." There was a trial by jury, whose findings were set aside by the court. Findings were then made by the court, judgment was rendered releasng and discharging the plaintiff from further liability on account of the note and mortgage, and declaring that the defendant has a good and sufficient title to the property, and quieting it in the defendant as against the plaintiff and those asserting any interest acquired by or through him. From the judgment the plaintiff has appealed. Many errors are specified. Some of them are not considered of sufficient importance to require special notice.

1. The defendant suggests that the judgment should be affirmed because the reply is insufficient to raise an issue upon any of the allegations of new matter in the answer. This suggestion is based upon the ground that the plaintiff in his reply denies the "material" allegations of the answer. Such form of attempted denial is bad, for the reason that it is equivalent to saying that the truth of such allegations as the court may decide to be material is controverted, thus rendering it impossible to determine from the reply what is intended to be traversed. Such a denial is at least uncertain. But there was no objection in the court below to the form of the denial, and the cause was tried upon the assumption that the denial was sufficient. Conceding that a reply was necessary to frame an issue upon the new matter in the answer, the objection that might have been interposed to the denial therein contained was waived. (*Missoula Mercantile Co.* v. *O'Donnell,* 24 Mont. 75, 60 Pac. 991.) To hold that the plaintiff, under these circumstances, must be deemed to have admitted the truth of the averments in the answer, would be palpably unjust.

2. To establish its title to the land, the defendant introduced in evidence the judgment roll in a cause entitled "*Moritz Conhaim* v. *John Burke.*" The roll disclosed that on October

16, 1893, Comhaim caused to be filed in the district court of Cascade county, Montana, his complaint in an action upon a promissory note alleged to have been made by Burke to him, and that on the same day a summons in proper form was issued; that thereafter the summons was returned and filed, together with the proof of service indorsed thereon as follows: "State of Montana, County of Cascade.

"J. M. Burlingame, Jr., being duly sworn, says that I received the within summons on the 16th day of October, A. D. 1893, and personally served the same on the 13th day of November, A. D. 1893, upon John Burke, being the defendant named in said summons, by delivering to said defendant, personally, in the said county of Cascade, a copy of said summons.

"James M. Burlingame, Jr.

"Service, $1.50.

"Subscribed and sworn to before me at Great Falls, Mont., this 13th day of November, 1893.

. . . . . .                                "F. B. Wilcox, Notary Public."

The judgment roll further disclosed that the default of Burke was duly entered, and that on November 24, 1893, judgment by default was rendered and entered for the amount of money stated in the complaint and summons; the judgment reciting, among other things, the following: "In this action the defendant, John Burke, having been regularly served with process, and having failed to appear and answer the plaintiff's complaint filed herein, the legal time for answering having expired, and no answer or demurrer having been filed, the default of the said defendant, John Burke, in the premises having been duly entered according to law, upon application of said plaintiff to the court judgment is hereby entered against said defendant in pursuance of the prayer of said complaint." The defendant proved that the property mortgaged was sold under an execution issued on the judgment, and that on the 28th day of June, 1894, the sheriff executed his deed conveying the property to one Burlingame, and that Burlingame on September

14th of the same year conveyed the property to the defendant in the present cause.   To the introduction of the judgment roll the plaintiff objected upon two grounds:   First, because the court which rendered the judgment had no jurisdiction over the subject-matter of the action, for the reason that the complaint did not state facts sufficient to constitute a cause of action, in that it did not allege nonpayment of the promissory note; and, second, because the court had no jurisdiction over the defendant in that action, for the reason that he never appeared, "and the summons therein was not served by an officer or a person over the age of eighteen not a party to the action, and for the further reason that the affidavit constituting the proof of attempted service of summons does not state that the affiant was of the age of eighteen, or any other age, at the time of such attempted service." Plaintiff excepted to the overruling of the objections, and specifies the action of the court in that regard as error.

(a) Disposition is readily made of the objection that the judgment is void because the complaint is insufficient in substance.   The action was upon a promissory note made by Burke to Conhaim.   After pleading execution of the note, the complaint proceeds:   "That the said note is now long past due and unpaid; that payment of the same has been frequently demanded; that plaintiff is now the owner and holder thereof." Conceding that the plaintiff was under the necessity of pleading nonpayment of the note, and assuming that the complaint in that regard was defective, nevertheless there was not a total omission of the material averment, but a mere imperfection of statement, which could have been reached only by special demurrer.   This is a sufficient answer to the first objection.   We prefer, however, to place our decision upon a broader ground, and, in order to do so, we shall assume that the complaint was lacking in the matter necessary to constitute the statement of any cause of action.   The district court of Cascade county, which rendered the judgment in *Conhaim against Burke,* is a court of record, and of general jurisdiction both legal and

equitable. It has jurisdiction of the class of cases to which *Conhaim against Burke* belongs. It had jurisdiction, therefore, over the subject-matter of that action; it had authority, that is power, to grant the relief which it did grant by the judgment, and hence there was no excess of jurisdiction. A judgment which is merely voidable is not open to collateral attack. A void judgment is that which is a judgment in name or form only. Unless void on its face, or upon the inspection of the judgment roll, a judgment cannot be successfully attacked collaterally. Upon collateral attack it matters not that such a court erred in determining any question of law or fact; the judgment is not thereby made void. The irregularity or error may be corrected, or the judgment avoided, on appeal, or on a proper and seasonable application to the court in which the action is pending; but it cannot be set aside or purged of error by any other mode. These principles seem to be self-evident, and the authority of adjudged cases supports them. (*Allman v. School Dist.,* 35 Or. 85, 76 Am. St. Rep. 468, 56 Pac. 291; *In re James' Estate,* 99 Cal. 374, 37 Am. St. Rep. 60, 33 Pac. 1122; 1 Freem. Judgm. Sec. 118; 17 Am. & Eng. Enc. Law (2d Ed.), 1069-1072, and cases there cited.)

(b) Upon direct attack by appeal, the presumption that the court rendering a judgment by default had jurisdiction of the person of the defendant does not obtain. Unless the record in some way discloses the acquisition of jurisdiction over the defendant, the judgment will be reversed by the appellate court. (*Schloss* v. *White,* 16 Cal. 65; *Connoly* v. *Railroad Co.,* 29 Ala. 373; 1 Black Judgm. Sec. 93; 2 Freem. Judgm. Sec. 536.) Where a direct attack, other than by appeal, is made upon the judgment of a domestic court of general jurisdiction, the *prima facie* presumption must be indulged that jurisdiction was obtained of the person of the defendant, unless the record affirmatively shows the contrary: provided it does not appear from the judgment roll that the defendant was at the time of service without the territorial limits of the court's jurisdiction. Upon such direct attack, the *prima facie* presumption of jurisdiction

may be rebutted by competent evidence establishing the lack of jurisdiction over the defendant,—some courts rejecting evidence tending to controvert the officer's return of service, and others admitting it (as is the rule in Montana) for that purpose, but all agreeing that the affidavit of service of summons made by a private person may upon direct attack, other than appeal, be falsified by evidence *aliunde* the record. When, however, the judgment of a court of general jurisdiction, acting within the ordinary scope of that jurisdiction, is assailed collaterally, the presumption of jurisdiction over the person of the defendant is conclusive, unless upon the face of the judgment roll a lack of jurisdiction affirmatively appears. A judgment, when collaterally attacked, must be tried by inspection of the judgment roll and by that alone. These rules rest upon well-established principles.

By "collateral attack," as the expression is used in this opinion, is meant every proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio*. In the case at bar a judgment rendered by a court of record of general jurisdiction, which jurisdiction was exercised according to the course of the common law, is attacked collaterally. The judgment so rendered is asserted to be void upon the ground that the affidavit constituting the proof of the attempted service of summons does not state that the affiant was over the age of 18 years at the time of the service, and upon the ground that the defendant never appeared, and the summons was not served by a person over the age of 18 years, nor by an officer. It may be that the recital in the judgment to the effect that the defendant in the action of *Conhaim against Burke* had been regularly served with process is not in conflict with, but, upon collateral attack, must be deemed to supplement, the statements contained in the affidavit of service made by Burlingame (*Peck* v. *Strauss,* 33 Cal. 678; *Vassault* v. *Austin,* 36 Cal. 691; *Alderson* v. *Bell,* 9 Cal. 315); we are inclined to think

that such should be declared to be the effect of the recital when the judgment is collaterally, or otherwise than in the action or on appeal, attacked, but we reserve a decision of this question, and shall, for the present at least, consider the affidavit of service as being the only proof in the record showing or tending to show jurisdiction of the person of Burke. The sole inquiry under the doctrines which we have announced is: Does the judgment roll in *Conhaim against Burke* affirmatively disclose that the court was without jurisdiction of the defendant therein? There is no controversy in respect of the validity of the summons. No question arises as to the process itself,— it was in all respects conformable to law. The judgment roll in *Conhaim against Burke* is not silent touching the jurisdictional facts, and for the purpose of this appeal we assume, for the time being, that the presumptions which the law raises in support of judgments of courts of general jurisdiction are not indulged when the judgment rolls contain evidence with reference to the jurisdictional facts, but that the evidence alone, unaided by presumptions, is to be considered in determining whether jurisdiction existed,—although we think that the rule may, perhaps, be too broadly stated in *Galpin* v. *Page,* 18 Wallace 350, (21 Law. Ed. 959), for it does not seem unreasonable to us that, on attack other than by appeal, the presumption of jurisdiction over the person of the defendant ought to be indulged in favor of the judgments of such courts, except in those instances where the record, as a whole, affirmatively discloses want of jurisdiction, as was the case in *Dietrich* v. *Martin,* 24 Montana, 145 (60 Pac. 1087), or that the court was not proceeding within the ordinary scope of its power exercised according to the general course of the common law; an example of the latter exception is a case in which the judgment roll shows that at the time of the service or attempted service of summons the defendant was beyond the territorial limits of the court's authority, and does not contain evidence either of service upon him within those limits, or of his appearance. *Dietrich* v. *Martin* seems to be an example of the second exception, as well as of the first.

From the time the summons is served the court is deemed to have jurisdiction of the defendant, and hence jurisdiction of the defendant in *Conhaim against Burke* was acquired, if acquired at all, by the fact that service was made upon him, not by proof of such fact. If he was personally served with summons within the state of Montana, jurisdiction was acquired. Sections 71, 78, 79 and 80 of the First Division of the Code of Civil Procedure of the Compiled Statutes of 1887 provide that the summons may be served by the sheriff, or by any other person over the age of 18 years, not a party to the action; that summons must be served by delivering a copy thereof to the defendant personally; and that proof of the service, when made by any person other than the sheriff, must be by his affidavit showing the time and place of service; and from the time of service of summons the court is deemed to have acquired jurisdiction of the parties or property, as the case may be, and to have control of all subsequent proceedings. The omission from the affidavit of Burlingame of the statement that, at the time he served the summons upon the defendant, he (Burlingame) was over the age of 18 years, is the defect which the plaintiff in the case at bar urges as fatal; he contends that thereby the judgment roll shows that the summons was not served by a competent person, and that therefore the judgment is void upon its face. The plaintiff fails to distinguish between a want of jurisdiction and an irregularity in obtaining it. Says Mr. Freeman in his work on Judgments: "There is a difference between a want of jurisdiction and a defect in obtaining jurisdiction. * * * The fact that defendant is not given all the time allowed him by law to plead, or that he was served by some person incompetent to make a valid service, or any other fact connected with the service of process, on account of which a judgment by default would be reversed upon appeal, will not ordinarily make the judgment vulnerable to a collateral attack." (Section 126.) Upon this subject, Mr. Black, in Section 224 of his treatise on the Law of Judgments, says: "Although the service of process in an

action may have been characterized by some defect or irregularity, it does not necessarily follow that the ensuing judgment will be void. For, if the party would take advantage of such a matter, he must do so in the action itself, by some proper motion or proceeding. It is only when the attempted service is so irregular as to amount to no service at all that there can be said to be a want of jurisdiction. In any other case there may be error in the subsequent proceedings, but they will be sustained against a collateral attack;" and in Section 263 he remarks: "We have already seen that defects or irregularities in the process, or in the manner of its service, are not sufficient to render the judgment void, unless the flaw or omission is so serious as to make the process equivalent to no process at all, or the service entirely nugatory, in which case the judgment fails for want of jurisdiction. It follows that the judgment of a court of general jurisdiction cannot be attacked collaterally when there has been some service of notice, although such service of notice may be materially defective." In *Dorente* v. *Sullivan,* 7 California, 279, a case substantially identical with the one now under consideration was presented, and the court said: "It is contended that where service is made by any one other than an officer or his deputy, or a person appointed by the judge, the affidavit should show that the person serving the writ possesses the legal qualifications enumerated in the section; otherwise, any incompetent person might make the service. Granting this proposition, the objection only goes to the formality of the return, which might be amended by the officer. If the return is defective, the defendant must appeal from the judgment; a mere irregularity of service is not sufficient to enable him to attack the judgment collaterally." In *Peck v. Strauss, supra,* the question was again presented and the court adhered to the rule announced in *Dorente* v. *Sullivan,* and held, in addition, that the omission from the affidavit of service of a statement that the person serving the same was over the age of 21 was more than compensated by the recital in the judgment that the default of the defendant was duly

entered.    The like doctrine was announced in *Drake* v. *Duve-nick,* 45 California, 455, and followed in *Keybers* v. *McComber,* 67 California, 395 (7 Pac. 838).    The same rule was declared in *Herman* v. *Santee,* 103 California, 519 (42 Am. St. Rep. 145, 37 Pac. 509).    The Supreme Court of Mississippi, in *Harringlon* v. *Wofford,* 46 Mississippi, 31, said:    "There is a very clear and obvious distinction between a total want of service of process and a defective service of process, as to their effect in judicial proceedings.    In the one case, the defendant has no notice at all of the suit or proceeding against him.    The judgment or decree in such case, it is conceded, is *coram non judice* and void, upon the principles of law and justice.    In the other case, the defective service of process gives the defendant actual notice of the suit or proceeding against him, and the judgment or decree in such case, although erroneous, would be valid until reversed by a direct proceeding in an appellate jurisdiction, and its validity cannot be collaterally called in question.    And this view of the law is believed to be sustained by reason, principle and authority."    In *Isaacs* v. *Price,* 2 Dillon, 351, Federal Case No. 7,097, Judge Dillon said:    "A distinction is to be made between a case where there is *no* service whatever, and one which is simply *defective or irregular.* In the first case the court acquires no jurisdiction, and its judgment is void; in the other case, if the court to which the process is returnable adjudges the service to be sufficient, and renders judgment therein, such judgment is not void, but only subject to be set aside by the court which gave it, upon seasonable and proper application, or reversed upon appeal.    The error in the argument of the defendant is that it proceeds upon the ground that the judgment rendered upon the service made upon him was wholly void."    Many other cases to the same effect might be cited.

Inspection of the judgment roll in *Conhaim against Burke* does not disclose a want of jurisdiction of the defendant in that action, and therefore the judgment may not be declared void on collateral attack.    Assuming the Burlingame affidavit to

have been the only proof of service, the court merely erred in adjudging the service regular.

3. From what has thus far been said it is not to be inferred that we tacitly assume the judgment would be void if the roll affirmatively disclosed that Burlingame was less than 18 years of age when he served the summons, or if upon direct attack by suit in equity that fact were established by proof, nor can such an inference reasonably be deduced. When Burlingame, who was not a party to the action, delivered to Burke personally a copy of the summons, the latter was thereby notified of the pendency of the action, and of the fact that, unless he appeared, judgment would go against him; he was put upon inquiry, and such delivery was sufficient to subject Burke to the jurisdiction of the court, despite the fact that Burlingame was not of the age prescribed. The service, though irregular or defective, sufficed to accomplish the substantial purpose and object which the law designs the summons to perform. We are of the opinion that even if the judgment roll should exhibit the incompetency of Burlingame in the respect mentioned, or such incompetency were otherwise shown, the judgment for that reason would not be either void or subject to any attack save that by appeal. A judgment rendered by a court having jurisdiction of the subject-matter and of the parties, and keeping within the limits of its power, though it may be voidable, is never void. Jurisdiction of a defendant, when irregularly acquired, may be renounced as the result of suitable proceedings seasonably taken in the action itself, or on appeal from the judgment; but jurisdiction irregularly obtained is nevertheless jurisdiction,—the power to hear, decide and adjudge,—and when this exists the judgment cannot be void. This conclusion inevitably results from the principles announced in the former part of the opinion. Were it not for the case of *Hauswirth* v. *Sullivan,* 6 Montana, 203 (9 Pac. 798), we should content ourselves with the foregoing observations, and affirm the judgment appealed from without further remark; but that case, when tested by these principles, seems to us to be so manifestly

wrong that we deem it not improper to indicate our views upon the principal point there decided. In the Hauswirth Case the Supreme Court of the Territory of Montana decided that the service of a summons on Sunday was void, and that a judgment by default against the defendant, founded upon such service, was a mere nullity, although the sheriff's return stated that the service was made on Saturday. It was held that the defendant might maintain a suit in equity to have the judgment set aside on the ground that the service was made on Sunday. We are satisfied that the doctrine there announced is erroneous. Service of summons on Sunday is not a nullity, but a mere irregularity with respect to the time or day on which it was made, and a judgment based upon it is not void. While perhaps not directly in point, *Comer* v. *Jackson,* 50 Alabama, 384, and *Hammond* v. *Wilder,* 25 Vermont, 342, strongly support this reasonable and just view. If the Hauswirth Case announces the true rule of law, then titles acquired under proceedings based upon judgments by default are subject to attack at any time and must be declared void whenever it appears that the summons was served on Sunday; for example: In an action upon a promissory note the summons is served upon Sunday, but the return states that service was made on Monday; default is regularly entered, and judgment follows; sale is had under execution; title to the property professedly passes to A., who conveys to B., and B. to C. In the course of time the value of the property increases enormously. The judgment debtor now seeks to have the judgment declared a nullity for the reason that the summons was served on Sunday, a nonjudicial day. Under the holding in the Hauswirth Case the attack must be successful, the judgment and all proceedings thereafter are nullities, and the judgment debtor has the title which by the execution sale professedly passed from him to the purchaser; and, even if the summons had in truth been served on a day other than Sunday, it is possible to conceive of circumstances in which, long after the judgment was entered and the sale made, the contrary might be proved, thereby destroying that

which, for aught the purchasers were able to discover, was a perfect title. Such is necessarily the logical result and effect of that decision, notwithstanding the remarks on page 213 (6 Mont., and page 804, 9 Pac.), touching the assignment of a void judgment, and the rights of "innocent third persons" upon execution sale under a judgment void *ab initio*. The law does not offer a premium for perjury, and should not permit mere irregularities, which have been waived by the only persons entitled to complain, to overturn solemn judgments rendered on personal service of summons. The serving of a summons is a ministerial act in aid of judicial proceedings. Service made on Sunday is voidable; it will be quashed or set aside when the proper motion in that behalf is promptly and seasonably interposed; but, like any other mere irregularity or imperfection, it may be waived. By inaction on the part of the person who might have sought to be relieved of its effect, it is acquiesced in, cured or waived; it is then no longer voidable, and the privilege of taking advantage of it is forever lost. So with the service of the summons in *Conhaim against Burke*: The defendant in that case had the right to move that the service be set aside, and the motion, if made, should have been granted, unless the affidavit were amended, or a new one filed, stating that Burlingame was over 18 years old at the time of service; and, perhaps, on appeal from the judgment, relief would have been obtained, although no such motion had been interposed; but Burke cannot otherwise, either upon collateral or direct attack, successfully impeach the judgment because of the irregular service, or because of the defect in the proof of service.

We are not advised of any other case in this state which announces a rule different from the one applied in the case at bar. *Choate* v. *Spencer*, 13 Montana, 127 (32 Pac. 651, 40 Am. St. Rep. 425, 20 L. R. A. 424), was, as the opinion states, a direct attack by a bill in equity upon a judgment based upon a summons not attested by the seal of the court from which it issued, and the judgment was for that reason declared void; the court holding that the paper purporting to be the process

of the court was a nullity. *Sharman* v. *Huot,* 20 Montana, 555 (63 Am. St. Rep. 645, 52 Pac. 558), and *Sharman* v. *Eukes* (*Id.*), were appeals from orders discharging a writ of attachment on the ground that the supposed summons was not authenticated by the signature of the clerk, the court holding that the summons was a nullity, and that under Section 890 of the Code of Civil Procedure a writ of attachment which is issued before a valid summons is absolutely void, and not merely voidable. In *Layton* v. *Trapp,* 20 Montana, 453 (52 Pac. 208), it was held, on *certiorari* to review the judgment of a justice of the peace, that the service of the summons must be proved by the affidavit of the person making it, and, such an affidavit not having been made, the justice had no jurisdiction to render the judgment by default. The court said that since the justice's court is a court of inferior jurisdiction, and there are no legal presumptions in favor of its jurisdiction, its jurisdiction must affirmatively appear on the face of the record. *Sanford* v. *Edwards,* 19 Montana, 56 (61 Am. St. Rep. 482, 47 Pac. 212), likewise involved the validity of a judgment rendered by a justice of the peace, the court holding that under the statutes then in force, providing that in actions before a justice of the peace summons must be served by reading it to the defendant personally, or by leaving a copy at his place of residence, the delivery to the defendant of a copy of the summons without reading it to him, or leaving a copy at his place of residence, was not sufficient service, and that a judgment based on a return showing a delivery only was void. *Palmer* v. *McMaster,* 8 Montana, 186 (19 Pac. 585), is clearly distinguishable from the case now before us, for, while the attack upon the judgment was collateral, the judgment was based upon an attempted service of summons by publication, and in such a case the proceeding is not one in accordance with the course of the common law, nor in the exercise of the ordinary jurisdiction of the court. The judgment was declared void in the last named case upon the principles declared in *Galpin* v. *Page, supra*: "Whenever therefore, it appears from the inspection of the record of a

court of general jurisdiction that the defendant against whom a personal judgment or decree is rendered was at the time of the alleged service without the territorial limits of the court, and thus beyond the reach of its process, and that he never appeared in the action, the presumption of jurisdiction over his person ceases, and the burden of establishing the jurisdiction is cast upon the party who invokes the benefit or protection of the judgment or decree. * * * When, therefore, by legislation of a state, constructive service of process by publication is substituted in place of personal citation, and the court upon such service is authorized to proceed against the person of an absent party, not a citizen of the state nor found within it, every principle of justice exacts a strict and literal compliance with the statutory provisions." It is apparent that the rule applied in that case is based upon a principle different from the one governing the case at bar.

The other assignments of error are without merit.

The judgment will be affirmed, and it is so ordered, *Remittitur* may issue forthwith.

*Affirmed.*