HAUPT ET AL., RESPONDENTS, v. SIMINGTON ET AL.,
DEFENDANTS; McDONALD, APPELLANT.

(No. 1,472.)

(Submitted February 24, 1903. Decided March 6, 1903.)

*Action—Right of One of Several Defendants to Separate Trial
—Judgment—Collateral Attack—Presumption — Appeal—
Record on Appeal—Judgment Roll.*

1. The mere fact that the defense set up by one of several defendants in an action to revive a judgment—*i. e.*, that the judgment as to him was void for want of jurisdiction over his person—was different from that set up by the other defendants, did not entitle such defendant to a separate trial as a matter of right.

2. The presumption that the court rendering a judgment had jurisdiction over the person of the defendant is conclusive on collateral attack, unless on the face of the judgment roll a lack of jurisdiction affirmatively appears.

3. Attack on a judgment as void, made by way of defense to a suit to revive it, is a collateral attack.

4. In the absence of a contrary showing, it will be presumed on appeal, where a collateral attack on a judgment for want of jurisdiction over the person of the defendant has been made in the court below, that the court tried the question by an inspection of the judgment roll in the cause in which the judgment was rendered, and by that alone.

5. As on collateral attack the question whether the court rendering a judgment had jurisdiction over the person of the defendant must be tried by an inspection of the judgment roll, and by that alone, where the judgment roll is not made a part of the record on appeal the supreme court cannot try the question.

6. Code of Civil Procedure, Section 1196, particularly specifying what papers shall constitute the judgment roll, does not include the register of actions as a part thereof.

7. Domestic judgments of courts of general jurisdiction, valid on their face, cannot be collaterally attacked in courts of the same state by showing facts *aliunde* the record, although such facts might be sufficient to impeach the judgment in question if brought to bear upon it in a proper proceeding; therefore, in an action to revive a judgment, it is not error to exclude oral testimony offered by one of the defendants that he was never served with summons and never appeared in the action wherein said judgment was obtained.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION to revive a judgment, brought by H. L. Haupt, George H. Casey, and J. C. Robinson against Elias Simington, William Smith, John A. White, Enos Carman, and James Mc-

Donald.   Judgment for plaintiffs, and defendant McDonald appeals.   Affirmed.

*Mrs. Ella Knowles Haskell,* for Appellant.

*Messrs. McBride & McBride,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1885, Hickey, Stapleton, and Robinson commenced an action in the district court of Silver Bow county against the defendants Simington, Jas. McDonald, and about twenty others to recover possession of certain real estate, and for damages. That cause was numbered on the register of actions, and will hereafter be referred to as cause "No. 1,292." A judgment was obtained by the plaintiffs, awarding them the possession of the property in controversy. Thereafter Haupt and Casey succeeded to the interests of Hickey and Stapleton in the judgment and the property, and in 1892 they, with Robinson, commenced this action against the same defendants to revive that judgment. To this action the defendant McDonald made separate appearance, and in his amended answer alleges that the judgment obtained in cause No. 1,292, as to him, is absolutely void, for the reason that he was never served with summons in that action, and never appeared therein. These allegations are denied in the replication. McDonald thereupon demanded a separate trial, which was refused. Upon the trial plaintiffs offered in evidence the complaint and judgment in cause No. 1,292, which were admitted without objection. They also introduced evidence to show the assignments by Hickey and Stapleton of their interests in the original judgment to Haupt and Casey. Other evidence was admitted, which it is not necessary to consider. When plaintiffs rested, defendant McDonald offered in evidence the judgment roll in cause No. 1,292, and the entries in the register of actions and in the minute book referring to that action. To this the plaintiffs objected, on the ground that the evidence offered was insufficient to impeach the judgment,

which objection was sustained; and thereupon counsel for plaintiffs admitted that the register of actions in cause No. 1,292 shows no appearance on the part of McDonald in that action, and no service of summons upon him. McDonald then offered to prove by his oral testimony that in fact he never was served with summons in that action, and never appeared therein, and had no knowledge that such an action was pending until long after the entry of judgment. This was also objected to on the ground of its incompetency, which objection was sustained, and the court directed the jury to bring in a verdict in favor of the plaintiffs, which was done; and from the judgment entered thereon and from an order denying his motion for a new trial McDonald appealed.

Numerous errors are assigned in appellant's brief, but only two are discussed, and this court will therefore decline to review any others.

The first error complained of is the court's refusal to grant defendant McDonald a separate trial. In support of this contention this proposition is advanced: "In an action for the recovery of land, brought against many defendants holding separate portions thereof and having no common interest, and who rely upon different sources of title, it is the duty of the court, on motion, to order separate trials;" and cases are cited which maintain that contention. The weakness of appellant's position in this regard is found, however, first, in the fact that this is not an action to recover land, but to revive a judgment; and, secondly, in cause No. 1,292 and in this action there is no showing whatever that the defendants hold separate portions of the property, or have no common interest therein, or rely upon different sources of title; and the mere fact that the defendant McDonald sets up a different defense from that set up by the other defendants, in this: that he claims that the judgment in cause No. 1,292 as to him is void, did not entitle him, as a matter of right, to a separate trial. The trial court might have granted him one, but we cannot say that in refusing to do so it abused its discretion. (*Townsley* v. *Hornbuckle,* 2 Mont. 584.)

The principal error relied upon by McDonald is the refusal

of the trial court to receive in evidence the judgment roll in cause No. 1,292, the entries in the register of actions and minute book referring to that cause, and oral testimony of the witness McDonald. This was evidently offered for the purpose of showing that the defendant McDonald was never served with summons in that action, and never appeared therein. It will be observed, however, that the attack which he makes upon the judgment in cause No. 1,292 is simply by way of a defense in this action, and not in any sense by way of cross-complaint, or, more strictly speaking, equitable counterclaim, to have that judgment annulled or set aside. The district court of Silver Bow county, which rendered the judgment in cause No. 1,292, is a court of record and of general jurisdiction, legal and equitable. It had jurisdiction of the class of cases to which cause No. 1,292 belongs; that is, it had jurisdiction over the subject-matter in that action. It had authority—that is, power—to grant the relief which it did grant, and therefore there was no excess of jurisdiction. (*Burke* v. *Inter-State S. & L. Ass'n,* 25 Mont. 315, 64 Pac. 879, 87 Am. St. Rep. 416.) A collateral attack upon a judgment is defined to mean "every proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio.*" (*Burke* v. *Inter-State S. & L. Ass'n,* above.) "Upon direct attack by appeal, the presumption that the court rendering a judgment by default had jurisdiction of the person of the defendant does not obtain. Unless the record in some way discloses the acquisition of jurisdiction over the defendant, the judgment will be reversed by the appellate court. Where a direct attack, other than by appeal, is made upon the judgment of a domestic court of general jurisdiction, the *prima facie* presumption must be indulged that jurisdiction was obtained of the person of the defendant, unless the record affirmatively shows the contrary: provided it does not appear from the judgment roll that the defendant was at the time of service without the territorial limits of the court's jurisdiction. * * * When, however, the judgment of a

court of general jurisdiction, acting within the ordinary scope of that jurisdiction, is assailed collaterally, the presumption of jurisdiction over the person of the defendant is conclusive, unless upon the face of the judgment roll a lack of jurisdiction affirmatively appears. A judgment, when collaterally attacked, must be tried by inspection of the judgment roll, and by that alone." (*Burke* v. *Inter-State S. & L. Ass'n*, above.) Tested by the definition adopted by this court above, the present case presents clearly an example of a collateral attack upon the judgment rendered in the district court in cause No. 1,292.

An examination of the record filed in this court discloses the fact that, although defendant McDonald upon the trial of this cause in the court below offered in evidence the judgment roll in cause No. 1,292, and that it was excluded by the trial court, no part of the offered testimony is included in the statement on motion for new trial or in the record filed in this court. All the presumptions are in favor of the regularity of the proceedings in the court below. Therefore it will be presumed that the lower court applied the rule above laid down when the judgment roll was offered; that is to say, when the judgment in cause No. 1,292 was collaterally attacked, it tried that question by an inspection of the judgment roll in that cause, and by that alone. We are now asked to review the action of the district court in excluding that testimony; or, in other words, we are asked to apply that same rule—that is, the judgment in No. 1,292 being collaterally attacked, we are asked to say whether or not, by an inspection of the judgment in that cause, and by that alone, it will be shown as a matter of fact that the defendant was never served with summons, and never appeared therein. This we cannot do, for the reason that the judgment roll in cause No. 1,292 is not embraced in the record to this court, and we have no means of knowing what it contains. We are, therefore, not in a position to review that action of the district court. It is true that upon the trial of this cause the plaintiffs admitted that the register of actions in No. 1,292 does not show any appearance by the defendant McDonald, or any service of summons upon him; but the register of actions is no part of the

judgment roll.   Section 1196 of the Code of Civil Procedure particularly specifies what papers shall constitute the judgment roll.   The judgment in cause No. 1,292 contains this recital: "It appearing to the court that summons had been duly served on all the said defendants, and that the statutory time for their appearance had expired, and that said defendants * * * James McDonald and * * * failed to make any appearance therein, but made default, and their default has been duly entered, * * * it is therefore ordered," etc.   Upon this record here presented we cannot say that the judgment in cause No. 1,292 is void or even irregular.

The defendant McDonald claims that the judgment is absolutely void, for the reason that he was never served with summons, and had never appeared in that action; and upon the trial of this cause offered to prove, by oral testimony, that fact, but the evidence was excluded.   In *Edgerton* v. *Edgerton,* 12 Mont. 122, 29 Pac. 966, 16 L. R. A. 94, 33 Am. St. Rep. 557, it is said:   "Domestic judgments of courts of general jurisdiction, valid on their face, cannot be collaterally attacked in courts of the same state by showing facts *aliunde* the record, although such facts might be sufficient to impeach the judgment in question if brought to bear upon it in a proper proceeding."   We conclude, therefore, that it was not error to refuse to receive the oral testimony offered.

No error appearing in the record, the judgment and order appealed from are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN, being ill, did not hear the argument and takes no part in the foregoing opinion.