ENGLISH, RESPONDENT, *v.* JENKS, APPELLANT.

(No. 3,836.)

(Submitted December 6, 1917.  Decided December 21, 1917.)

[169 Pac. 727.]

*Attorney's   Liens—Foreclosure—Actions   in   Rem—Summons—  Constructive  Service—Judgment  by  Default—Jurisdiction—  Presumptions—Record on Appeal.*

Attorney's Lien—Foreclosure—Action for Money Judgment.
1.   An attorney may have and state a cause of action for a money judgment against his client on account of services rendered and money advanced, notwithstanding his purpose is to foreclose an attorney's lien, the existence of which is open to doubt or denial.

[As to lien of attorneys, see notes in 51 **Am. St. Rep.** 251; Ann. Cas. 1916E, 387.]

Actions *in Rem*—Summons—Constructive Service.
2.   Constructive service is effectual only in actions strictly *in rem,* in actions affecting plaintiff's personal status, and in actions to recover on money demands where and to the extent that some lien brings property into court as a *res* to answer for the judgment which may be entered.

Attorney's Lien—Waiver—What Does not Constitute.
3.   Under Revised Codes, section 6422, an attorney's lien extends to the proceeds of the judgment, "in whosever hands they may come"; so that the mere fact that the judgment debtor's property was bought in under execution by plaintiff, and thus became the proceeds of the judgment obtained by him for his client, and took the place thereof, did not constitute a waiver of his lien.

Same—Action *in Rem*—Default Judgment—Constructive Service—Jurisdiction.
4.   In a suit to foreclose an attorney's lien, the record on appeal from a judgment in his favor obtained by default on constructive

On constitutionality of statutes providing for attorney's liens, see note in 40 **L. R. A.** (n. s.) 529.

service of ·summons was silent as to the whereabouts, at the time the suit was brought, of the *res* (a dredge) to which the judgment was directed. *Held,* under paragraph 2, *supra,* that the trial court was without jurisdiction to render the judgment.

Judgment by Default—Jurisdiction—Presumptions—Record on Appeal.

5. Upon direct appeal from a judgment by default based upon constructive service, no presumptions in favor of jurisdiction may be indulged, but the facts which show jurisdiction must appear upon the face of the record.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

ACTION by Mr. J. English against Shirley H. Jenks. From a judgment by default, defendant appeals. Reversed.

*Messrs. Roote & Hopkins,* for Appellant, submitted a brief; *Mr. H. C. Hopkins,* argued the cause orally.

Where the judgment-roll shows service is constructive, the presumption that the court had jurisdiction ceases, and the burden of establishing jurisdiction is thrown upon the party claiming under the judgment. (1 Freeman on Judgments, secs. 127, 131; *Palmer* v. *McMaster,* 8 Mont. 186–192, 19 Pac. 585; *Burke* v. *Inter-State Savings etc. Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879; *Haupt* v. *Simington,* 27 Mont. 480, 483, 94 Am. St. Rep. 839, 71 Pac. 672; *O'Neill* v. *Potvin,* 13 Idaho, 721, 93 Pac. 21, 257; *Harpold* v. *Doyle,* 16 Idaho, 671, 102 Pac. 158, 162; Hughes on Procedure, sec. 172 F.) The recital in the judgment ·that service had been perfected cannot cure a defect which the record shows. (*Preston* v. *Walsh,* 10 Fed. 315, 325; *Burke* v. *Inter-State Savings etc. Assn.,* 25 Mont. 315, 322, 87 Am. St. Rep. 416, 64 Pac. 879; 1 Freeman on Judgments, sec. 125; 1 Bailey on Jurisdiction, sec. 172 F; *Galpin* v. *Page,* 18 Wall. (U. S.) 366, 21 L. Ed. 963; *Sibley* v. *Waffle,* 16 N. Y. 180; *Starbuck* v. *Murray,* 5 Wend. (N. Y.) 148, 21 Am. Dec. 172; *Pollard* v. *Wegener,* 13 Wis. 569; *Laney* v. *Garbee,* 105 Mo. 355, 24 Am. St. Rep. 391, 16 S. W. 831.)

· That the plaintiff had waived his lien, see Weeks on Attorneys at Law, 2d ed., p. 763, sec. 375a; 1 Jones on Liens, sec. 231; *Cowen* v. *Boone,* 48 Iowa, 350; *German* v. *Browne,* 137 Ala.

425, 34 South. 985; *Wishard* v. *Biddle,* 64 Iowa, 526, 21 N. W. 15; *Goodrich* v. *McDonald,* 112 N. Y. 157, 19 N. E. 649.

The *alias* summons set forth in the judgment-roll was and is defective, in that it does not contain a general statement of the nature of the action, as required by section 6522 of the Revised Codes. (*People* v. *Greene,* 52 Cal. 577; *Sawyer* v. *Robertson,* 11 Mont. 416, 28 Pac. 456; *Atchison etc. R. Co.* v. *Nicholls,* 8 Colo. 188, 6 Pac. 512; *Sharman* v. *Huot,* 20 Mont. 555, 63 Am. St. Rep. 645, 52 Pac. 558; 32 Cyc., p. 437.) The provisions of the statute are mandatory. (*Dyas* v. *Keaton,* 3 Mont. 495, 498.)

*Mr. A. B. Melzner* and *Messrs. Canning & Geagan,* for Respondent, submitted a brief; *Mr. Patrick E. Geagan* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Appeal by Shirley H. Jenks from a judgment by default. Service of summons was by publication, and the contention is that the court below was without jurisdiction. Several reasons are suggested, one of which, however, will suffice.

The complaint, which names Jenks and Joseph P. Nolan as defendants, alleges, in substance, that the plaintiff—respondent here—performed certain professional services and expended certain moneys to the value and amount of $7,525 as an attorney for Jenks in the prosecution of a suit by the latter against the British-Butte Mining Company; that the results of the suit were a judgment in favor of Jenks, upon which execution was issued and thereafter levied against all the real and personal property of said mining company; that at the sale under said execution plaintiff "bought all the said real and personal property in the name of and for the use and benefit of" Jenks, which property consists of eight particularly described mining claims, "all situate, lying, and being in the county of Silver Bow, state of Montana," and one Risdon Electric Mining dredge (*locus* not stated); that no part of the moneys due plaintiff for said services has been paid, although demanded, and the plaintiff, under

section 6422, Revised Codes, "has and claims a lien upon said judgment and the real and personal property herein described" as the proceeds of such judgment; that Nolan claims some interest in such real estate, but such interest is subsequent and subject to plaintiff's lien, and was obtained with knowledge thereof. The prayer of the complaint is that plaintiff have judgment against Jenks for $7,525, with interest, attorney's fees, and costs; "that said sum * * * and the interest thereon" be adjudged a lien upon the real and personal property above mentioned, prior and superior to any claim of Nolan's; that the defendants and all claimants under them be foreclosed of all right, claim or equity in said property; that the usual decree be made for the sale of said property, the proceeds to be applied to the payment of plaintiff's judgment; and "that plaintiff have judgment against the defendant Shirley H. Jenks for any deficiency that may remain" after such application.

It is argued that the complaint does not state a cause of action; but this is clearly wrong from a technical point of view. [1] One may have and state a cause of action for a money judgment, notwithstanding his purpose is to foreclose a lien, the existence of which is open to doubt or denial. This is often the case in suits to foreclose mechanics' liens; and we think the present complaint amply shows the plaintiff's right to recover for the value of the services rendered and the amount of money expended by him in behalf of Jenks. What appellant means to urge is doubtless this: That the complaint shows no lien, therefore no *res* to aid the court in obtaining jurisdiction through constructive service—which is a different matter, now to be considered.

Jenks was not served with summons personally and did not appear in the action. That he was a nonresident of the state, living at London, England, is shown by both the affidavit and [2] the order for publication of summons. It is familiar law that constructive service is effectual only in actions strictly *in rem*, in actions affecting the personal status of the plaintiff, and in actions to recover upon money demands where and to the

extent that some lien brings property into court as a *res* to answer for the judgment which may be entered. (*Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. Ed. 565.) Obviously, therefore, no valid personal recovery was possible in this case against Jenks; and the vital question is whether, at the time this action was begun, the plaintiff brought into court, by virtue of a lien, property belonging to Jenks. The plaintiff claims that he did—presumably by virtue of his complaint seeking to foreclose an attorney's lien upon the proceeds of the judgment in *Jenks* v. *British-Butte Mining Company*, to-wit, the mining claims and the Risdon dredge. This may be doubted, in view of the fact that the complaint does not allege where the suit was brought, what court rendered the judgment, who levied the execution and conducted the sale thereunder, or where the sale was had. Passing that, however, the only lien claimed by the plaintiff and decreed for foreclosure is upon the dredge; so that the dredge is the only property which can now be claimed to have been brought into court to answer in place of the nonresident Jenks. Counsel insist that no lien upon this is disclosed because the [3] complaint "affirmatively shows that the plaintiff had waived any lien he may have had upon the dredge by buying in the property for his client * * * upon executions issued under the judgment against the British-Butte Mining Company." This is a mistaken notion, based upon authorities which have no application under the law of this state. These authorities proceed upon the view, which obtains at common law, that an attorney's lien upon a judgment secured for his client is ended when, by the taking over of property or otherwise, the judgment is satisfied (*Goodrich* v. *McDonald*, 112 N. Y. 157, 19 N. E. 649); but under our statute (sec. 6422, Rev. Codes) the lien extends to "the proceeds of the judgment in whose ever hands they may come." Hence the mere fact that the judgment debtor's property was bought in under execution and thus became the proceeds of the judgment obtained by the plaintiff for Jenks and took the place thereof, could not constitute a waiver of plaintiff's lien. It was to prevent such a penalizing

of the attorney who furthered the cause of his client, by protecting the judgment, that the statute in question came into being.

.Passing upon these considerations, we come to others more [4] decisive. Where was the Risdon dredge, when sold under execution nearly two years before the beginning of the present suit? Where was it when this suit was brought? To these questions. no answer or basis for necessary inference is given. It was personal property, therefore movable; and, so far as the complaint reveals, it may—if it was sold under execution in Montana—have been immediately removed beyond the state. The *alias* summons for publication, and the proceedings up to judgment, and the judgment itself, are likewise silent. The judgment, it is true, does describe the dredge as ''now situated upon the Jessie placer mining claim,  *  *  *  in Silver Bow county, Montana''; but the warrant for this does not appear, nor does it shed any light upon the whereabouts of the dredge when the suit was brought. For all that we can tell, the dredge may have been outside of the state at that time and on the Jessie placer when the judgment was rendered, over eight months later. In short, the record does not affirmatively show that the *res* to which the judgment is directed was within the jurisdiction of the court when the suit was brought.

These omissions are fatal to this case, because the present [5] appeal is from the judgment itself. Where the attack is direct, and by appeal from a judgment by default based upon constructive service, there are no presumptions in favor of jurisdiction; but the facts which show jurisdiction must appear upon the face of the record. (*Burke* v. *Interstate S. & L. Assn.*, 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879; *Haupt* v. *Simington*, 27 Mont. 480, 94 Am. St. Rep. 839, 71 Pac. 672; *Palmer* v. *McMaster*, 8 Mont. 186, 19 Pac. 585.)

As the dredge is the only *res* upon which the judgment attempts to act, and as the record fails to show that it was brought into court with the suit by virtue of the asserted lien, it follows

that jurisdiction does not appear, and the judgment must be reversed.   So ordered.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.