GRIFFITH, RESPONDENT, *v.* MONTANA WHEAT GROWERS' ASSOCIATION, APPELLANT; SECURITY STATE BANK OF OUTLOOK, INTERVENER, APPELLANT.

(No. 5,856.)

(Submitted February 9, 1926. Decided February 23, 1926.)

[244 Pac. 277.]

*Conversion—Right of Appeal—Who not "Aggrieved Party"— Default Judgments—Amended Pleadings—Failure of Service—Jurisdiction—Record on Appeal—Amendment After Decision—Waiver.*

Appeal—Who may not Appeal.
1. Unless a party has an interest in the subject of litigation which is injuriously affected by an order made or judgment rendered therein, he is not an "aggrieved party," within the meaning of section 9761, Revised Codes of 1921, and cannot appeal therefrom.

Same—Conversion—Intervener not "Aggrieved Party"—Dismissal of Appeal.
2. In an action by a mortgagee for damages for the conversion of a mortgaged crop, in which a bank had intervened as holder of orders given it by the mortgagor drawn on defendant purchaser of the grain which remained unpaid, where plaintiff claimed nothing as against the intervener and the latter made no claim to anything in which plaintiff was interested and the judgment merely awarded to plaintiff the damages claimed, not mentioning intervener, *held,* that the bank was not aggrieved and therefore not entitled to appeal from the judgment, and appeal dismissed.

Conversion—Complaint—Contents.
3. Where plaintiff in an action for conversion is not the absolute owner of the property in controversy, his complaint must disclose the character and extent of his interest in it at the time it was converted.

[75 Mont. 466.]

Default Judgment—Nonservice of Amended· Complaint—Lack of Jurisdiction to Render Judgment.

4. An amendment to a pleading made as a matter of right under section 9186, Revised Codes of 1921, does not become effective for any purpose until it is filed and served; hence where an amended complaint was never served, judgment by default could not be rendered against defendant.

Same—Appeal—Record must Disclose Acquisition of Jurisdiction—Presumption.

5. The service of an amended complaint performs the same function as the service of summons in the first instance, and on appeal from a default judgment the record must disclose acquisition of jurisdiction over the defendant by service of the amended pleading or waiver thereof, the presumption of jurisdiction in such a case not obtaining.

Waiver—Definition.

6. A waiver is the relinquishment of a known right and implies knowledge of the existing facts and an intention to forego a right which might have been asserted.

Amended Complaint—Waiver of Service—Insufficient Showing.

7. Where, after plaintiff had filed an amended complaint which had not been served, counsel entered into a stipulation by which defendant was granted further time to plead but no mention was made therein of the filing of the amended pleading, and the record did not disclose that defendant had any knowledge of its filing, the contention that by entering into the stipulation defendant waived service held ·without merit. (See par. 6, above.)

Record· on Appeal—Amendment After Decision Rendered—Denial.

8. Leave to amend the record on appeal, after decision and on motion for rehearing, will be denied, where counsel, though advised of the defect by the brief of his adversary, made no effort to have the correction made either before or at the time of submission of the cause.

---

[1] Appeal and Error, 3 C. J., sec. 464, p. 616, n. 42; sec. 491, p. 629, n. 3.

[2] Appeal and Error, 3 C. J., sec. 500, p. 639, n. 17.

[3] Chattel Mortgages, 11 C. J., sec. 351, p. 636, n. 72 New. Pleading, 31 Cyc., p. 523, n. 49. Trover and Conversion, 38 Cyc., p. 2068, n. 5.

[4, 5] Appeal and Error, 4 C. J., sec. 1630, p. 50, n. 6 New. Judgments, 34 C. J., sec. 227, p. 86, n. 91 New; sec. 367, p. 157, n. 66. Pleading, 31 Cyc., p. 592, n. 38, p. 594, n. 64.

[6, 7] Pleading, 31 Cyc., p. 594, n. 64. Waiver, 40 Cyc., p. 252, n. · 44, p. 259, n. 3; p. 261, n. 13.

[8] Appeal and Error, 4 C. J., sec. 2246, p. 497, n. 4.

*Appeal from District· Court, Daniels County; S. E. Paul, ·Judge.*

ACTION by Sarah Griffith against the Montana Wheat Growers' Association and others, in which the Security State Bank of Outlook intervened. From a judgment for the plaintiff,

the named defendant and the intervener appeal. Appeal of intervener dismissed. Judgment reversed and remanded.

*Mr. Howard M. Lewis* and *Mr. James G. Wagner*, for the Montana Wheat Growers' Association, and *Mr. Oscar O. Mueller* and *Mr. John S. Nyquist*, for the Security State Bank of Outlook, Appellants, submitted a brief and a supplemental brief; *Mr. Lewis* argued the cause orally.

*Mr. George Cudhie*, for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted on September 18, 1924, by Sarah Griffith against the Montana Wheat Growers' Association, Montgomery Warden & Co. and L. E. Montgomery. On December 17 plaintiff procured the default of the defendant Montana Wheat Growers' Association to be entered. On December 19, the Security State Bank of Outlook filed in the action its application to intervene, its affidavit in support thereof, and its complaint in intervention. On December 22 plaintiff moved to strike these papers from the files, and on the same day the default of the other defendants was entered. On December 31 the bank applied to the court for permission to file an amended complaint in intervention, and on January 3, 1925, the application was granted, and the amended complaint was filed on January 5. On September 8, 1925, plaintiff tendered her evidence, and on September 9 the court rendered judgment in her favor and against all of the defendants. From that judgment defendant Montana Wheat Growers' Association and the intervener bank have appealed.

Plaintiff has moved to dismiss the appeal of the intervener on the ground that it is not interested in the controversy and is not aggrieved by the judgment.

The right of a party to appeal is not absolute. Section **[1]** 9730, Revised Codes of 1921, provides: "A party *aggrieved* may appeal in the cases prescribed in sections 9729 to 9761 of this Code." The converse is equally true: A party who is not aggrieved by a judgment or order may not appeal from it. (*In re Barker's Estate,* 26 Mont. 279, 67 Pac. 941; *Chicago, M. & St. P. Ry. Co.* v. *White,* 36 Mont. 437, 93 Pac. 350.) It is a general rule, of universal application, that to enable a party to appeal from a judgment or order he must have an interest in the subject matter of the litigation which is injuriously affected by the judgment or order. The numerous cases supporting the rule will be found cited in 3 C. J. 629, 2 R. C. L. 52, and in the notes to 119 Am. St. Rep. 740–750.

The question then arises: Is the intervener aggrieved by the **[2]** judgment which was entered in this action?

The action was brought by plaintiff to recover from the defendants damages for the alleged conversion of personal property. Plaintiff alleged that on April 29, 1922, Montgomery Warden & Co. and L. E. Montgomery executed and delivered to her their promissory note for $600, due September 1, 1922, with interest, *etc.;* that, to secure the payment thereof, the makers executed and delivered to her a chattel mortgage upon certain growing crops, and that by the terms of the mortgage the failure to pay the indebtedness when due, or the sale or removal of the mortgaged property by the mortgagors, should give to plaintiff the right to immediate possession of the property, with the right to dispose of it and apply the proceeds to the payment of the indebtedness. It is then alleged that the mortgaged crops were matured and harvested, and about October 1, 1922, were sold and delivered by the mortgagors to the Montana Wheat Growers' Association, which association sold and converted the same and the proceeds thereof to its own use— all while plaintiff's mortgage was in full force and effect, and all without the knowledge or consent of the plaintiff. It is alleged that no part of the indebtedness represented by the

note has been paid, and that the value of the grain so converted exceeded the amount due to plaintiff. It is alleged that although the mortgage was not filed for record until October 9, 1922, each of the defendants had actual knowledge of the existence of the mortgage at the time the grain was sold and delivered to the association, and thereafter.

The amended complaint in intervention alleges that during the season of 1922 Montgomery Warden & Co. and L. E. Montgomery grew and harvested 3,500 bushels of wheat, the grain described in plaintiff's complaint, of the value of about $2,800; that the grain was sold and delivered to the Montana Wheat Growers' Association; that about September 13, 1922, Montgomery Warden & Co. and L. E. Montgomery, for a valuable consideration, made, executed, and delivered to the intervener an order on the Montana Wheat Growers' Association for $1,200, which order was duly accepted, and pursuant thereto the Montana Wheat Growers' Association paid to the intervener $81.15 on June 19, 1923, and $647.03 on July 27, 1923, and that no other or further payments have been made on the order. It is alleged that, at the time the order was executed, delivered and accepted, the intervener did not have any knowledge or notice of the existence of the chattel mortgage lien claimed by the plaintiff. The prayer of the intervener is that plaintiff take nothing as against any of the defendants; that the claim of intervener to the payment made to it be adjudged superior to the claim of any other person; that the intervener have judgment against the defendants for the balance due on the order, and for its costs. The other allegations of the pleadings are not material now.

Assuming, for the purpose of this motion, that all of the foregoing allegations are true, it follows that plaintiff has a cause of action against the defendants for damages for the conversion of personal property in which she had an interest—a cause of action sounding in tort; also that the intervener has a cause of action against the Montana Wheat Growers' Association upon a contract for the payment of money—an

accepted order—and, possibly, has a cause of action against the other defendants as makers of the order.

There is not any specific property involved. The mortgaged grain had been paid for and had been sold and shipped out of the state long before this action was commenced, so that there is not any fund in the hands of the Montana Wheat Growers' Association to which there are conflicting claims. [3] It was necessary for plaintiff to disclose the character and extent of her interest in the grain at the time it was converted, since she does not claim to have been the absolute owner of it (*Harrington* v. *Stromberg-Mullins Co.,* 29 Mont. 157; 74 Pac. 413; *Moore* v. *Crittenden,* 62 Mont. 309, 204 Pac. 1035); but the allegations respecting the chattel mortgage merely establish her right to sue and measure the extent of her recovery. She does not demand a return of the property, but seeks only damages for the wrongful acts of the defendants in depriving her of her security. She does not make any claim to the money paid to the intervener by the defendants on account of the order, and she does not assert any right which conflicts with the right claimed by the intervener. The judgment conforms strictly to the claim made by the plaintiff. It merely awards her damages for the conversion of the property in which she had an interest to the extent of the amount due her on her note which was secured by the chattel mortgage. The judgment does not mention the intervener, and does not assume to determine its rights. A satisfaction of this judgment cannot impair the right of the intervener to prosecute its claim to judgment and satisfaction. So far as disclosed by the record, the defendants may be amply able to satisfy the plaintiff's judgment, and also any judgment that the intervener may recover. Whatever claim the intervener has is against the defendants, not against the plaintiff.

There is not, and could not be made, any contention that plaintiff is responsible to the intervener for the balance due upon its order; in other words, plaintiff does not claim anything in which the intervener is interested and the intervener

does not claim anything in which the plaintiff is interested. The mere denials in the complaint in intervention are not effective for any purpose (20 R. C. L. 691), and the intervener cannot make for the defendants a defense which they do not see fit to make for themselves. Since the judgment does not affect the intervener, it is not aggrieved, and its appeal should be dismissed.

The Montana Wheat Growers' Association contends that it [4, 5]  was not in default at the time its default was entered, or at the time the judgment was rendered. The record discloses that the original complaint in this action was filed on September 18, 1924, that on October 4, and within the time allowed by law for making appearance, the Montana Wheat Growers' Association filed a general demurrer to the complaint, and that, before that demurrer was passed upon, and on October 20, 1924, plaintiff filed an amended complaint as a matter of right, under section 9186, Revised Codes of 1921. That section declares: "Any pleading may be amended once by the party of course, and without costs, at any time before answer or demurrer filed, or twenty days after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party, who may have twenty days thereafter in which to answer, reply, or demur to the amended pleading." In other words, this statute requires that the amended pleading be filed and served before the amendment becomes effective for any purpose. (*Holter Hardware Co.* v. *Ontario Min. Co.*, 24 Mont. 184, 61 Pac. 3.) The service of an amended complaint performs the same function as the service of summons in the first instance. It is in effect the process by which the defendant is brought into court to answer to the amended pleading; hence, until an amended complaint is served and the statutory time for pleading thereto has expired, the defendant cannot be in default. (*Ben Kress Nursery Co.* v. *Oregon Nursery Co.*, 45 Mont. 494, 124 Pac. 475.)

The judgment herein purports to be a judgment by default and it is therefore necessary that the judgment-roll disclose that the amended complaint was served or that service thereof was waived. (Sec. 9409, Rev. Codes 1921.) The rule is too well settled in this state to be open to further controversy that, upon a direct attack by appeal, the presumption that the court rendering a judgment by default had jurisdiction of the person of the defendant does not obtain. Unless the record in some way discloses the acquisition of jurisdiction over the defendant, the judgment will be reversed by the appellate court. (*Burke* v. *Inter-State Sav. & Loan Assn.*, 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879; *Haupt* v. *Simington*, 27 Mont. 480, 94 Am. St. Rep. 839, 71 Pac. 672; *English* v. *Jenks*, 54 Mont. 295, 169 Pac. 727.)

The record in this case fails to disclose that the amended [6, 7] complaint was ever served upon the Montana Wheat Growers' Association. But counsel for plaintiff argues, in effect, that, even if it were not served, service was waived, and in support of this contention reference is made to the following stipulation entered into on November 10, 1924, and filed on November 13: "It is hereby stipulated and agreed by and between Geo. Cudhie, attorney for the plaintiff herein, and Bruce B. Johnson, attorney for the defendant Montana Wheat Growers' Association herein, that the said named defendant shall have, and is hereby given to and until the 1st day of December, A. D. 1924, in which to prepare and file its further pleading in this action."

From the fact that this stipulation was made after the amended complaint was filed, it is contended that it must refer to that pleading, rather than to the original complaint. It is impossible to determine from the stipulation itself to what it does refer. A waiver is the relinquishment of a known right, and implies knowledge of the existing facts and' an intention to forego a right which might have been asserted. (*Murray* v. *Heinze*, 17 Mont. 353, 42 Pac. 1057, 43 Pac. 714; *State ex rel. Driffill* v. *City of Anaconda*, 41 Mont. 577, 111

Pac. 345; *Enterprise Sheet Metal Works* v. *Schendel,* 55 Mont. 42, 173 Pac. 1059; *Swords* v. *Occident Elevator Co.,* 72 Mont. 189, 232 Pac. 189.) The record fails to disclose that the defendant Montana Wheat Growers' Association had any knowledge of the fact that the amended complaint had been filed; hence the doctrine of waiver cannot be invoked in this instance.

So far as disclosed by this record, the cause as between the plaintiff and the Montana Wheat Growers' Association is still pending, with the demurrer to the original complaint undisposed of. The record fails to show that the defendant Montana Wheat Growers' Association was in default at the time the judgment was rendered.

The appeal of the intervener is dismissed. The judgment against the defendant Montana Wheat Growers' Association is reversed, and the cause is remanded to the district court, with direction to proceed in conformity with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.

---

## ON MOTION FOR REHEARING.

(Decided March 12, 1926.)

Opinion: PER CURIAM.

In support of her motion for a rehearing, plaintiff tenders [8] a portion of the record of this cause in the court below—an affidavit of service of the amended complaint upon the defendant Montana Wheat Growers' Association—and asks that it be treated as an amendment to the transcript.

The record discloses that the transcript on appeal was filed in this court on November 20, 1925; that appellant's brief was filed on December 11, 1925; that on December 21, 1925, upon plaintiff's motion, this court ordered the transcript to be corrected by including therein certain portions of the rec-

ord in the trial court; that on January 25, 1926, this cause was set for hearing for February 9; that on February 5 the appellants filed a supplemental brief, and that the cause was argued and submitted to this court on February 9. Although the fact that proof of service of the amended complaint was not contained in the transcript was indicated in appellant's original brief and emphasized in the supplemental brief, no effort was made to have the transcript corrected in this respect either before or at the time the cause was heard.

Our rules permitting the transcript to be amended are very liberal, and, in practice, an application to amend at any time before final submission is seldom if ever denied, but there must come a time somewhere in the course of the proceedings when amendments cannot be permitted if there is ever to be an end to litigation. This court determines every cause upon the transcript certified to be correct, and this was done in the instant case.

A like application to amend the transcript after the decision of this court was made in *Marlowe, Trustee, v. Missoula Gas Co.*, 68 Mont. 372, 219 Pac. 1111, and was denied because presented too late. We do not feel justified in departing from the practice established in that case. The other grounds of the motion do not call for special consideration.

The motion for a rehearing is denied.