Routledge, Appellant, vs. Patterson, Executor, imp., Respondent.

*April 8—May 2, 1911.*

*Judgment: Vacation: Power of court: Stipulation induced by fraud: Divorce: Division of property.*

1. After the term at which it was rendered a judgment cannot be vacated for fraud or upon other than jurisdictional grounds, except as provided in sec. 2832, Stats. (1898), within one year after notice thereof.

2. Where the defendant husband in a divorce action fraudulently induced the wife to stipulate to accept a certain sum in a final division of the husband's estate, and the judgment awarded a final division in accordance with such stipulation, the rendition of the judgment will be deemed to have been induced by the actual state of facts then before the court, not by the husband's fraud. *Uecker v. Thiedt*, 133 Wis. 148, followed.

Appeal from an order of the circuit court for Milwaukee county: W. J. Turner, Circuit Judge. *Affirmed.*

The complaint in this action alleges that the plaintiff and Ira Routledge, now deceased, were husband and wife prior to November 22, 1907, and that a divorce action was then pending and about to be tried; that the defendant Ira Routledge, with intent to practice a fraud upon the plaintiff to induce an unfair and fraudulent division of his estate in that action,

made false statements to the plaintiff as to the amount of his property and especially as to the amount of his debts, and that plaintiff, believing such false representations, agreed to accept $500 as her share in the final division and distribution of the defendant's estate, in full of all alimony and costs and of her rights and interests in his estate. It is also alleged that the court was thereby fraudulently induced to award a final division and distribution of the defendant's estate and that judgment was rendered in accordance therewith. No other testimony was taken as to the amount of the defendant's property.

It is alleged that but for the fraud so practiced by the defendant a much larger sum would have been awarded to the plaintiff, and that the procurement and use of the stipulation was a fraud upon the plaintiff and the court. It is further alleged that the plaintiff did not learn of the falsity of the statements made by the defendant until more than a year after the rendition of the judgment, and that she is without remedy except in a court of equity.

The defendant in the divorce action died July 15, 1909, more than a year after the entry of the judgment in the divorce action, and the plaintiff in that action now brings this action against the executor of the decedent's estate and prays that the award of $500 made to her in the divorce action as and for her share and interest in his estate be declared fraudulent and set aside, that the value of the deceased's property at the time of the judgment in the divorce action be ascertained, and that such amount as may be found to be fair and equitable may be paid to her out of the estate of the deceased. The devisees and heirs at law of the deceased are also made defendants in this action. This is an appeal from the order of the court sustaining the demurrer to the complaint.

For the appellant there was a brief by *William L. Tibbs* and *Rossiter Lines,* and oral argument by *Mr. Lines.* They contended that equity will relieve against a judgment obtained by fraud in the absence of fault or negligence on the part of

the one seeking relief, and it is unfettered by statute or otherwise in exercising its power. Black, Judgments, § 321; *Marine Ins. Co. v. Hodgson,* 7 Cranch, 332, 336; *Guild v. Phillips,* 44 Fed. 461; *Trefz v. Knickerbocker L. Ins. Co.* 8 Fed. 177; *Wellborn ·v. Tiller,* 10 Ala. 305; *Zinc C. Co. v. First Nat. Bank,* 103 Wis. 125; *Balch v. Beach,* 119 Wis. 77; *Boring v. Ott,* 138 Wis. 260. The remedy is properly sought in an independent action, upon which the only limitation is that imposed by subd. 7, sec. 4222, Stats. (1898). *Crowns v. Forest L. Co.* 102 Wis. 97.

*Samuel .Wright,* for the respondent.

SIEBECKER, J. The complainant seeks relief against the judgment in the divorce action in so far as the judgment therein awarded a final division and distribution of the husband's estate. The power to vacate and set aside a judgment after the term of court at which it was rendered, except for want of jurisdiction of the court to render a final judgment in the action, is limited by sec. 2832, Stats. (1898), to a period of one year after notice thereof. As was declared in *Uecker v. Thiedt,* 133 Wis. 148, 113 N. W. 447: "The old bill of review to vacate judgments for fraud or grounds other than jurisdictional ones was terminated by the adoption of our Code of Practice." See cases there cited.

It is strenuously urged that the facts alleged in the instant case constitute a cause of action for equitable relief against that part of the judgment in the divorce action by which the court awarded a final 'division and distribution of the husband's estate, because the facts alleged show that this plaintiff was fraudulently induced by the deceased husband to stipulate to accept the sum of $500 in lieu of all her claims for costs, alimony, and her equitable share in a final division of his estate in such divorce action. Plaintiff alleges that she was induced to consent to such stipulation by the decedent's false representations as to the amount of his debts and his

false representations as to the amount of property he actually owned, that her consent was unmixed with any fraud or negligence on her part, and that she first learned of these false representations after his decease and after the expiration of one year from the time she had notice of the rendition of the judgment in the divorce action. The relief sought in the instant case is like that sought in the *Uecker Case,* and the facts alleged on which equitable relief is invoked in the two cases are in their legal effect well nigh the same. Here, as there, the court in the divorce action awarded a final division and distribution of the husband's estate between the parties to the action in accordance with the written agreement of the parties, which it is alleged the husband obtained from the wife by false and fraudulent representations as regards the true amount of his estate, and it is alleged that the wife was induced to consent thereto unmixed with any fault or negligence on her part. It was there held respecting such a state of facts that "this falls far short of an assertion that the testator in any wise imposed upon the court or by fraud induced the rendition of its judgment." It is there held that the court's action must be deemed to have rested on the agreement and the other facts of the case brought to its attention, and that under such circumstances the action of the court in rendering judgment must be deemed to have been induced by the actual state of facts then before it, and that it cannot be said that the alleged fraudulent transaction through which the conditions were created on which the court acted operated as a fraud on the court in awarding the judgment. We are persuaded that this case is ruled by the *Uecker Case,* and that the trial court properly sustained the demurrer to the complaint.

*By the Court.*—The order appealed from is affirmed.