Willeard v. Winkelman, 191 Wis. 406.

*By the Court.*—Order affirmed.

WILLEARD, Appellant, vs. WINKELMAN, Executrix, Respondent.

*November 10—December 7, 1926.*

*Divorce: Relief from default judgment after time to appeal has expired: False allegations in complaint.*

1. Relief from a judgment of divorce as to property rights after the time for appeal has expired cannot be had in the divorce action itself. p. 408.

2. In a separate action for relief from the judgment in such case, if the property sought to be reached is outside the state and the other spouse is dead, substituted service gives no jurisdiction, there being merely property rights to be adjudicated and no personal status. p. 408.

3. The fact that a wife who was defendant in an action for divorce believed the husband's allegations as to the amount of his property and therefore did not appear, is not ground for relief against his estate after his death and after the time for appeal has expired, or for independent relief in equity, since one opportunity to litigate a matter is all that the law contemplates, and the wife might have appeared to obtain alimony from his earnings though believing he had no property. p. 409.

Willeard v. Winkelman, 191 Wis. 406.

APPEAL from an order and a judgment of the circuit court for Manitowoc county: CHESTER A. FOWLER, Judge. *Affirmed.*

Action in equity to vacate a judgment of divorce in which no alimony or division of property was adjudged, on the ground that the husband and plaintiff in the divorce action falsely and fraudulently alleged in the complaint and testified in the action that he was not possessed of any property when in fact he was the owner of approximately $3,500.

The complaint discloses these facts: Plaintiff and Theodore Willeard intermarried in 1890 and remained husband and wife until February 16, 1923, when the husband obtained a decree of absolute divorce against his wife, the plaintiff herein, on the ground of her wilful desertion. Summons and complaint were duly served upon her, and in the complaint it was alleged that the husband possessed no property except some household goods of small value. Plaintiff consulted an attorney and concluded not to appear in the action. The husband falsely testified he had no property except the household goods, and no alimony was awarded and no division of property was made in the divorce judgment.

June 1, 1925, Theodore Willeard died testate leaving his property to one *Amelia Winkelman,* and in July of the same year plaintiff first learned of the fact that her husband had property at the time of the divorce. She filed a contingent claim in the county court in the unascertained amount of the judgment to be recovered in this action, which was begun October 5, 1925.

The defendant entered a general demurrer to the complaint, which the court sustained, and it entered judgment dismissing the complaint upon the merits. From the order sustaining the demurrer and such judgment the plaintiff appealed.

For the appellant there was a brief by *Healy & Joyce* and *Harry F. Kelley,* all of Manitowoc, and oral argument by *Mr. Kelley.*

For the respondent there was a brief by *Markham &
Markham* of Manitowoc, and oral argument by *H. L.
Markham.*

Vinje, C. J.   The power of a court of equity in a separate
action to grant relief from a judgment of divorce as to prop-
erty rights after the time for appeal has expired and even
when the other spouse is dead was asserted in *Johnson v.
Coleman,* 23 Wis. 452.   That no relief under such circum-
stances can be had in the divorce action itself is settled by
*Johnson v. Coleman, supra; Bassett v. Bassett,* 99 Wis. 344,
74 N. W. 780; and *Graham v. Graham,* 149 Wis. 602, 136
N. W. 162.   And where the property sought to be reached
is located outside the state, substituted service would give
our court no jurisdiction thereof where the other spouse
is dead, for in such a case there would be no question of per-
sonal status but merely of property rights to be adjudicated.
*Moyer v. Koontz,* 103 Wis. 22, 79 N. W. 50.

We are strongly urged to reverse the order and judgment
of the lower court upon the authority of *Johnson v. Coleman*
and upon equitable grounds.   The facts in the two cases are
radically different.   In the *Johnson Case* the parties had en-
tered into a written contract of voluntary separation, and the
husband falsely stated that his wife had deserted him and
falsely stated that he did not know her residence and secured
service by publication which did not come to her knowledge.
In this case the plaintiff wilfully deserted the husband and
she was served with summons and complaint, and the very
issue she now seeks to have litigated was tendered her in the
divorce action.   In the *Johnson Case* the wife did not know
of the existence of the divorce action until the time for ap-
peal had expired; in this case the wife was duly served and
had an opportunity to appear in the divorce action and liti-
gate her rights.

But it is urged that the plaintiff believed the allegations in the complaint as to her husband's amount of property and therefore did not appear. To allow such a reason to constitute the basis for an equitable action to set aside a judgment would be to put a premium upon credulity and laches and to render almost every default judgment subject to be set aside by a court of equity. One opportunity to litigate a matter is all that the law contemplates. The plaintiff had hers. Besides, even though she thought he had no property she might have appeared for the purpose of getting alimony out of his earnings if she thought herself entitled to it. She elected not to appear in the divorce action and she must abide the result of her election.

We agree with the trial court that there seems no possibility of an amendment that will state a cause of action, and therefore final judgment was properly rendered.

*By the Court.*—Order and judgment affirmed.