No. 30,905

JOHN B. WILLIAMS, *Appellee,* v. URA V. WILLIAMS, *Appellant.*

(26 P. 2d 258.)

Opinion filed November 11, 1933.

*B. A. Earhart,* of Hutchinson, for the appellant.
*L. E. Quinlan,* of Lyons, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for divorce. Plaintiff prevailed, and defendant brings the case here for review.

It appears that these litigants were married in 1924. Plaintiff was a Rice county farmer. It was defendant's fourth matrimonial adventure, and it soon showed signs of an early breakdown. Defendant left her husband in 1927, and a property settlement was effected between the parties whereby plaintiff paid defendant $500. After living apart for a year and a half they effected a reconciliation. Plaintiff bought a small house in Sterling for $675 and furnished it, so they might have a city home as well as the farm house in the country. Title to the town house was taken in the names of both parties. However, marital discord soon reappeared; defendant left a second time; and in 1930 she brought suit for a divorce and alimony and division of property. This cause was tried to a conclusion in April, 1931. The court denied a divorce and made a property settlement between the parties, taking into consideration the $500 plaintiff had already paid defendant in their private settlement of 1926. The court awarded her an additional $200, a share of the household goods, and $50 as attorney's fee. All other property, including the small house in Sterling which stood in the names of both parties, and which had cost about $675, was separately decreed to him. Mrs. Williams, plaintiff in that action and defendant herein, did not appeal from that judgment and accepted the $200 award allowed her by that judgment.

In this action the husband took the initiative. He charged defendant with extreme cruelty, and that she had withheld possession of the house in Sterling which had been decreed to him by the judgment of April, 1931.

Defendant answered with a general denial and cross petition in which she charged plaintiff with various marital delinquencies and alleged that the judgment of April, 1931, which had decreed a final property settlement between the parties, was procured by fraud.

The cause was tried in the same court and before the same judge as in the prior case. The record of the prior case was introduced in evidence. The parties adduced evidence at length. The trial court filed a written opinion, finding all the issues in favor of plaintiff, and finding specifically that no fraud had inhered in the earlier

judgment, and that defendant had accepted and retained the money and chattel property awarded by its terms, and was bound by it.

Judgment was entered awarding a divorce to the plaintiff, and defendant appeals.

Having set down as briefly as possible the controlling features of this action and of the prior litigation, it should be obvious that this appeal presents practically nothing this court can lay hold of. Noting, however, the matters discussed in defendant's brief, the point is urged that she was badly advised by her counsel in the first case, who had told her she had no further recourse, and who did not file a motion for a new trial in that case nor appeal. But it does not appear that she was badly advised. Mayhap the advice was excellent, and that neither a motion for a new trial nor an appeal would have done her any good. Be that as it may, a judgment unappealed is just as conclusive as one affirmed on appeal.

In her brief she discusses the matter of fraud, which she contends inhered in the first judgment. To that there are two answers. If there was fraud it was intrinsic, and could only be corrected in that case or by supplementary proceedings pertaining thereto. (*Huls v. Gafford Lumber & Grain Co.*, 120 Kan. 209, 243 Pac. 306.) In *Putnam v. Putnam*, 126 Kan. 479, 268 Pac. 797, it was said:

"Where the court in the original case denied the divorce but divided the property after hearing evidence as to its existence, extent and value, any concealment of property by the defendant from the plaintiff and the court prior to and at the time of the trial, if it amounted to fraud, would be intrinsic fraud." (Syl. ¶ 3.)

The second answer to defendant's contention is that she is foreclosed by the trial court's pertinent finding of fact which, in part, reads:

"In the first place, the court finds no fraud was practiced by the defendant upon the court in case No. 6090."

It is also contended that in the first action the court had no power to deprive her of her interest in the jointly owned Sterling house. A careful scrutiny of the statute, however, will show the fallacy of that contention. Indeed the court's power to apportion and divide the property of discordant spouses is broader, in some respects, when a divorce is refused than it is where it is granted on account of the fault or aggression of the wife. (Compare R. S. 60-1506 with R. S. 60-1511.) R. S. 60-1506 provides:

".  .  .  In any other [divorce] case where a divorce is refused, the *court may for good cause shown* make such order as may be proper .  .  . for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties, and in such case the order of the court shall vest in the parties a fee-simple title to the property so set apart or decreed to them, and each party shall have the right to convey, devise and dispose of the same without the consent of the other."

Defendant also complains because she was given no share of plaintiff's property by the present judgment. But the property rights of the parties were determined conclusively and for all time in the first action, and the court in the present action had no concern therewith, especially as defendant acquiesced in the first judgment and failed entirely in this action to support her charge that there was any fraud, intrinsic or extrinsic, in the first judgment.

Nothing approaching the semblance of error in the record is made to appear, and the judgment is therefore affirmed.

HUTCHISON, J., not sitting.