THOMAS v. OKLAHOMA TAX COMMISSION.

No. 32228.    Jan. 28, 1947.

As Corrected March 6, 1947.

*177 P. 2d 498.*

Spillers & Spillers, of Tulsa, for plaintiff in error.

E. L. Mitchell and C. W. King, for Oklahoma Tax Commission, defendant in error.

ARNOLD, J.  Protest of Martha D. Thomas against a proposed additional income tax levy by the Oklahoma Tax

Commission for the year 1941. From an order of the Tax Commission denying the protest and making the proposed additional tax levy, protestant appeals.

On July 8, 1940, Albert Reams Thomas died testate in Tulsa county, Okla. By the terms of his will he bequeathed certain personal property, including that involved in this controversy, to his wife, Martha D. Thomas. On March 12, 1940, Mr. Thomas assigned to his wife, by endorsement, 10,670 shares of the capital stock of Commercial Drilling Company, being the property involved in this controversy, for the claimed purpose of convenience in handling, he being then confined to his room by serious illness, and the drilling company being in process of or preparing for liquidation, which was consummated in 1941 .

Upon the filing of the will in the county court of Tulsa county, the same was established as the last will and testament of Albert Reams Thomas, deceased, and duly admitted to probate. Thereupon Martha D. Thomas, the executrix named in the will, was appointed executrix of the estate and duly qualified as such. Based upon the value of the estate as disposed of by the will the Tax Commission assessed an inheritance and transfer tax of $3,694.09 against the estate, which the executrix paid.

The additional income tax here in controversy in the sum of $3,232.47 was computed and assessed against Martha D. Thomas on the theory that the 10,670 shares of the Commercial Drilling Company belong to her by assignment and not to the estate of her deceased husband. At the time this additional tax was assessed the probate proceeding on the estate of Albert Reams Thomas, deceased, was still pending. On April 17, 1944, the county court entered its final decree settling and approving the final report of the executrix, and distributing the estate as directed by the will, including the 10,670 shares of the Commercial Drilling Company. The Tax Commission, in its order No. 18439,

held this final decree of the c unty court of Tulsa county null and voi and of no force and effect as against the Tax Commission.

Martha D. Thomas, appellant, will be herein referred to as protestant and appellee will be referred to as the commission.

On this appeal each side relies on three propositions,. but in each instance the first and second propositions are ancillary to and dependent on the third. Protestant's third proposition reads:

"The attempt on the part of the commission to set aside the judgment of the county court of Tulsa county holding that the 10,670 shares of the capital stock of the Commercial Drilling Company in controversy herein was the property of Albert Reams Thomas is a collateral attack and. beyond the power and jurisdiction of the commission."

The commission's third proposition is:

"If the property was that of the estate, then the widow would not be liable for income taxes on its earnings; on the other hand, if she was the owner at the time of death of her husband, then she would be liable for income tax on the earnings of such property."

It is thus apparent that the determinative question here is whether the final decree of the county court of Tulsa county in the administration proceeding on the estate of Albert Reams Thomas, deceased, is subject to collateral attack in this tax assessment proceeding.

When the instrument purporting to be the last will was presented to the county court of Tulsa county and on proper proof thereof was by it admitted to probate as the last will and testament of Albert Reams Thomas, deceased, followed by the appointment of the executrix named in the will as executrix of the estate and her qualification as such, that court acquired full and complete jurisdiction to transact all business appertaining to the estate, including its settlement and distribu-

tion (Const., art. 7, sec. 13) and in the performance of these duties its records, orders, judgments and decrees are entitled to the same force, effect and legal presumptions as those of the district courts. (58 O.S. 1941 §2.)

This last will and testament itemized and bequeathed a long list of personal property, including the property involved in this tax assessment proceeding. When the executrix filed her inventory of the estate this particular property was omitted therefrom. The will and the inventory both being records in this probate proceeding, the court could take judicial notice of this discrepancy. The inventory is not binding on the court, but is only prima facie evidence of its correctness. (Pennington et al. v. Newman, 36 Okla. 594, 129 P. 693; 21 Am. Jur. p. 471, §179.) Upon application of the executrix, after due notice thereof, for an order approving her final report and for settlement and distribution of the estate, the county court of Tulsa county had jurisdiction and it was its duty to inquire into this discrepancy and to determine whether it was the result of ignorance, or mistake of fact or law, or whether some sinister motive actuated the omission.

On the hearing of this tax protest before the commission there was ample testimony, both medical and lay, of the mental and physical incapacity of Albert Reams Thomas on the 12th day of March, 1941, and before and after that date, to transact business affairs or to understand and appreciate the results of his acts. The very assignment relied on by the commission as constituting a gift in contemplation of death and authorizing the tax assessment involved is a cogent circumstance corroborative of this testimony. His will bequeathed all of this personal property to his wife, the protestant, and would be effective at his death so that an assignment thereof to her in contemplation of death was not a normal mental process.

In support of the final decree of the county court of Tulsa county the statutory presumption must be indulged that it heard the same or similar testimony to that produced before the commission and that it was satisfied therefrom that the assignment of March 12, 1940, was ineffective and that this property omitted from the inventory was in fact and in law an asset of the estate and subject to distribution under the terms of the will. We know of no rule of law which renders the final judgment of a court of record void because it decides an issue of fact one way when it might have decided it the other way, or because it misapplied some principle of law. Such a judgment may be erroneous and subject to be set aside on appeal, but it is not void. That the commission's conception of the law is contrary to the views just above expressed is shown by the third paragraph of its order denying the protest, which reads:

"The commission further finds that the recitations in the order of the county court, shown in the record as 'Exhibit 3' in Probate Case No. 15022, Tulsa county, Oklahoma, to the effect that the property, against the transfer of which the tax is assessed, or any part thereof, was the property of the estate of the said Albert Reams Thomas, deceased, is not binding on this commission and is not in conformity with the true facts; that said court had no jurisdiction to make such finding for the reason, among others, that said property was never inventoried as an asset of the estate of the said Albert Reams Thomas and said property was never brought before the said court in any proceeding wherein the court acquired jurisdiction to make such an order or finding. No evidence was ever introduced before said court concerning said property being that of the estate of the said Albert Reams Thomas and that the said order was evidently entered through either mistake or inadvertence or was signed by the court through mistake of fact.

"The Oklahoma Tax Commission therefore holds that that part of said order decreeing said property to be that of deceased at the time of his death is as against the State of Oklahoma and the levying of the tax on the transfer of said property null and void."

In the case of Holmes et al. v. Holmes, 27 Okla. 140, 111 P. 220, in the first paragraph of the syllabus, this court announced a rule for testing the validity of judgments of probate courts which has been consistently followed since:

"The orders and decrees of a probate court are not required to recite the existence of facts or the performance of acts upon which the jurisdiction of the court depends; and the failure to recite such jurisdictional facts does not raise a presumption that such facts do not exist."

In the case of Powers v. Brown, Judge, 122 Okla. 40, 252 P. 27, collateral attack on a judgment is thus defined in the syllabus:

"A collateral attack on a judgment or judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner other than by appeal, writ of error, certiorari, or motion for a new trial, or by proper action in equity."

This is clearly a collateral attack on the final decree of the county court of Tulsa county in probate case No. 15022 based upon an assumption of ownership of the property involved by protestant, such assumption having been indulged during the pendency of such probate proceedings.

Some argument is advanced that the rule of estoppel should be applied against protestant. It is sufficient to say that estoppel was not pleaded, nor could it have been successfully pleaded under the circumstances shown by the records. When both parties, during the pendency of probate proceedings on the estate of Albert Reams Thomas, deceased, indulged the presumption that the property here involved belonged to the protestant, both are conclusively presumed to have known the law which vests plenary authority in the probate court to determine what are assets of the estate subject to distribution under the terms of the testator's will. Both parties had full knowledge of the pendency of these probate proceedings.

Protestant may be liable in a proper proceeding for the taxes here sought to be assessed against her. That question is not before us for determination. On this appeal we are called upon to review an order of the commission declaring the final judgment of a court of record null and void although that judgment on its face discloses all the essentials of jurisdiction and the subject matter thereof is committed to that court exclusively by the Constitution and statutes. Since the validity of the present assessment against protestant is dependent on the validity of the commission's order here under review, being order No. 18439 in case No. 1563, the order is in all things vacated and annuled.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, and GIBSON, JJ., concur.