BEATRICE H. BLAIR, Plaintiff and Respondent, v. BOYD JOHN BLAIR, Defendant and Appellant.

No. 10321.

Submitted March 12, 1962.    Decided April 27, 1962.

370 P.2d 873.

Weymouth D. Symmes (argued orally), Billings, for appellant.

C. W. Leaphart, (argued orally), Helena, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment entered for the plaintiff in the District Court of the Fourteenth Judicial District of the State of Montana, in and for the County of Musselshell, and the judgment is dated May 19, 1961, and was in the amount of $17,411.27.

The pertinent facts are that the plaintiff and defendant were married on or about March 8, 1937, in our neighboring country of Mexico. Plaintiff had a son by a former marriage

which the defendant adopted after marriage to the plaintiff. Four children were born to this union.

Neither society nor the law would be benefited or enhanced by a recitation of all the facts contained in the record of this cause. Hence, this opinion will contain only the pertinent law and facts necessary to make a determination.

The plaintiff and defendant were divorced on February 2, 1956, in the Circuit Court of Multnomah County, Oregon. On January 16, 1956, the parties entered into an extensive property settlement agreement which divided the real and personal property of the parties and which agreement contains seventeen separate paragraphs. The fifteenth paragraph is as follows:

"The parties hereto hereby stipulate and agree that, in the event the Court sees fit to grant a decree of divorce to either party, this agreement may be incorporated in such decree provided the same is approved by the Court."

Paragraph seventeen is as follows:

"That each party is represented by counsel, has discussed the provisions of this agreement fully with such counsel and understands the same."

The record reflects that on January 25, 1956, the plaintiff here appeared before the Honorable Donald P. Long, one of the Judges of the Circuit Court of Multnomah County, Oregon, and the following testimony was given by the plaintiff:

"The Court: You have settled them [property rights] by virtue of this agreement? A. Yes. * * *

"The Court: The agreement will be admitted in evidence and become a part of the record. * * *

"Q. You have read the agreement? A. Yes, I have.

"Q. And know the contents of the agreement? A. Yes.

"Q. And you understand and comprehend all the provisions of the agreement? A. Yes, I do.

"Q. And the dispersion of the property? A. Yes, I do.

"Q. And you are now asking the Court to approve the agreement? A. That is exactly right. * * *

"Mr. Williams: We are asking that the decree be entered incorporating the provisions of the property settlement agreement.

"The Court: You may have your decree of divorce, the care, custody and control of your children and the agreement of the parties will be approved by the Court. Are you going to attach this agreement physically to the decree so it will get into the judgment docket?

"Mr. Williams: Yes."

The original complaint in the instant cause was filed in Montana on August 5, 1957, and an amended complaint was filed on October 17, 1957, demanding judgment in the sum of $320,000. An answer to the amended complaint was filed on February 5, 1958, and later an amended answer was filed on January 12, 1961. The answer to the amended complaint of the plaintiff carries a first separate and complete defense and recites *in haec verba* the transcript of the hearing held in the Oregon divorce proceedings, and further recites that the property settlement hereinabove referred to was attached and made a part of the decree and was and now is in full force and effect. This property settlement agreement was dated January 16, 1956.

In the case of Rigdon v. Rigdon, 219 Or. 271, 279, 347 P.2d 43, 47, the plaintiff wife instituted suit against her former husband on a property settlement agreement which agreement had been approved and made a part of the judgment in the State of Nevada. The Oregon Supreme Court, referring to the case of Hagen v. Hagen, 193 Or. 369, 238 P.2d 747, said:

"* * * we find nothing in the holding that goes so far as to require that the decree itself must contain within itself the substance of the property settlement and that the trial court cannot merge the agreement into the judgment of the court by reference to a permanent record of that court. A mere technicality that has no basis in reason should not be permitted to thwart the clear intention of the trial court's decree.

"We are, therefore, of the opinion that where the decree of

the trial court specifically states that the property and alimony settlement of the parties has been approved and made a part of the judgment, that the settlement so approved becomes a part of and is merged in the judgment just as effectively as if set forth in substance or *in haec verba* whenever the decree discloses that the terms thereof are to be found in the permanent records of the court.''

Section 107.100, of the Oregon Revised Statutes, provides:

''Whenever a marriage is declared void or dissolved, the court shall make such division or other disposition between the parties of the real or personal property, or both, as may be just or equitable in all the circumstances.''

The amended complaint in the instant cause is a collateral attack upon an Oregon decree made by a court of competent jurisdiction.

Section 1, of Article IV, of the Constitution of the United States, provides that:

''Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records, and Proceedings shall be proved, and the Effect thereof.''

To the same effect is Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L.Ed. 905, wherein the United States Supreme Court ruled: ''The right of modification or annulment which is thus reserved to the court [of original jurisdiction] is one which extends to overdue and unsatisfied payments as well as to those which may accrue in the future. * * * No judgment in another court can be entered upon them. Branth v. Branth, supra [20 Civ.Pro. (N.Y.) 33, 13 N.Y.S. 360].''

■ This constitutional prohibition is mandatory on the courts of Montana and our forty-nine sister states. See Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552.

After extended conferences between the parties, each represented by their respective counsel, the property settlement

agreement became decretal on February 2, 1956, by order of the Circuit Court of Multnomah County, Oregon.

There was no trust established, express, implied or constructive as the result of these negotiations by plaintiff and defendant. On the contrary, both parties and their respective counsel were dealing at arm's length. See Buchmayer v. Buchmayer, 68 Cal.App.2d 462, 157 P.2d 9.

The Florida Supreme Court in Cooper v. Cooper, Fla., 69 So.2d 881, denied the contention that there was a fiduciary relationship between husband and wife when a divorce action is pending. To the same effect is O'Melia v. Adkins, 73 Cal.App. 2d 143, 166 P.2d 298; and Shlensky v. Shlensky, 369 Ill. 179, 15 N.E.2d 694.

We note that paragraph eleven of the property settlement agreement provides that each of the parties shall pay one-half of a judgment in a case brought by one Don Berry, in the event that Berry should prevail in the suit filed in Multnomah County Circuit Court. Berry prevailed against the plaintiff and defendant herein, and others, and a judgment was obtained in the sum of $12,179.18 and each party should have paid $6,089.59 as their one-half of the judgment. This the plaintiff failed to do although she seeks equity.

The trial court made Finding of Fact No. 13 relating to Klamath Oil Incorporated and found that defendant had failed to disclose his ownership of corporate shares in such company and that plaintiff was entitled to a one-half share thereof.

Finding of Fact No. 14 related to the Dutch Maid Corporation. The trial court found that defendant has disclosed his ownership of such shares and had not concealed the ownership of this property from plaintiff.

The contended errors in this respect are without merit.

The Oregon divorce decree became *res adjudicata* on February 2, 1956, and if our court were now to permit the Montana trial court's judgment to stand, then no former spouse would be entirely free of the whims and avarice of the divorced spouse and

continual and multiple litigation could and would result. The matrimonial obligation is a joint partnership venture and not a "share the wealth" principle after divorce. The divorce case was adjudicated in Multnomah County, Oregon, and property settlement of any change therein must of necessity be litigated in Multnomah County, Oregon.

The Arizona Supreme Court in Berman v. Thomas, 41 Ariz. 457, 19 P.2d 685, held: "In this complaint she [plaintiff] attempts to avoid the effect of said actions and judgments by alleging that while there was a property settlement, the deceased, who had the control and management thereof, had failed and neglected to disclose to her the extent of such community property, and had deceived her as to its value; that the contract of settlement as to the realty was in writing, but that she had no distinct recollection as to whether there was a written contract concerning the personal property. She does not seek to set aside either the decree of divorce or the settlement, but asks in disregard thereof for one-half of the community property, less the sums the deceased may have expended in improving the realty and in its maintenance and upkeep, and the sum of $7,750 paid to her on the settlement. She also asks for an accounting of the rents and profits to the real property and dividends and income on the personal property. * * *

"The power to dispose of the property of the husband and wife is incidental to the power to dissolve the marriage relation and generally cannot be exercised by another court and at another time or in an independent action. The present action is an attempt, without setting aside a judgment in cause No. 3352-B to obtain another and independent judgment which will destroy the effect of the former judgment. The proceedings are therefore within the rule which forbids a collateral attack to be made upon a judgment by a party thereto for any cause, including fraud, unless the judgment is void on its face."

In the Wisconsin case of Willard v. Winkelman, 191 Wis. 406, 211 N.W. 137, in an action in equity to vacate a judgment

of divorce in which there was no alimony or division of property adjudged, the former husband of the plaintiff in the divorce action falsely and fraudulently testified that he was not possessed of any property and the wife failed to enter an appearance in the divorce action. There the Wisconsin Supreme Court said: "* * * Plaintiff wilfully deserted the husband and she was served with summons and complaint, and the very issue she now seeks to have litigated was tendered her in the divorce action * * *.

"But it is urged that the plaintiff believed the allegations in the complaint as to her husband's amount of property and therefore did not appear. To allow such a reason to constitute the basis for an equitable action to set aside a judgment would be to put a premium on credulity and laches and to render almost every default judgment subject to be set aside by a court of equity. One opportunity to litigate a matter is all that the law contemplates. The plaintiff had hers. Besides, even though she thought he had no property, she might have appeared for the purpose of getting alimony out of his earnings if she thought herself entitled to it. She elected not to appear in the divorce action, and she must abide the result of her election."

In Williams v. Williams, 138 Kan. 310, 26 P.2d 258, the trial court decreed a final property settlement between the parties. The court stated: "In her brief she discusses the matter of fraud, which she contends inhered in the first judgment. To that there are two answers. If there was fraud, it was intrinsic, and could only be corrected in that case or by a supplementary proceeding pertaining thereto."

In Putnam v. Putnam, 126 Kan. 479, 268 P.797, it was said that where the court in the original case denied the divorce but divided the property after hearing evidence to its existing extent and value, any concealment of property by the defendant from the plaintiff and the court prior to and at the time of trial, if it amounted to fraud, would be intrinsic fraud.

In Routledge v. Patterson, 146 Wis. 226, 131 N.W. 346, the

court ordered a final division and distribution between the husband and wife. There the court held that since "the court's action must be deemed to have rested on the agreement and the other facts of the case brought to its attention, that under such circumstances the action of the court in rendering judgment must be deemed to have been induced by the actual state of facts then before it, and that it cannot be said that the alleged fraudulent transaction through which the conditions were created on which the court acted operated as a fraud on the court in awarding the judgment."

In Harchenko v. Harchenko, 77 N.D. 289, 293, 43 N.W.2d 200, 201, the North Dakota Supreme Court held:

"Since the trial court had jurisdiction of the parties and of the subject matter of the divorce action, its judgment imports absolute verity and as long as this judgment stands it may not be attacked collaterally by any of the parties, or by those in privity with them. [Citing cases.]

       \*       \*       \*       \*       \*       \*

" 'The very essence of the plaintiff's action is that the judgment was wrong, that the facts required the rendition of a judgment different from that which was rendered. The judgment cannot be thus impeached.' [Citing cases.]

"Here, the agreement between the parties to the divorce action was not that this plaintiff was entitled to a definite fractional interest in the property of the defendant, but that she should be paid certain sums of money, have the ownership of certain bonds and personal property and the use of the family home. The judgment entered in pursuance of that agreement limits plaintiff's interest in the property of the parties to the specific sums and items therein mentioned. Until set aside it remains the measure of what was a just and proper settlement."

The plaintiff herein cites the case of Sande v. Sande, (Idaho 1961) 360 P.2d 998, where the Idaho Supreme Court held that where a separate property settlement agreement was inequitable and unfair to the wife she may maintain an independent

action. Distinguishing this case, this was an Idaho marriage and an Idaho divorce with the property settlement and the hearing had in Idaho and the supplementary proceedings likewise had in Idaho. In the instant cause, this state of facts does not exist in that this is an Oregon judgment being attacked in a supplementary proceeding in Montana.

In re Anderson's Estate, 121 Mont. 515, 524, 194 P.2d 621, 625, ruled:

"Since the decision of the Supreme Court of the United States in Bank of Augusta v. Earle, 13 Pet. 519, 10 L.Ed. 274, it has been recognized that the common law principles of comity between nations are equally applicable to relations between states. The court there said: 'The intimate union of these States, as members of the same great political family; the deep and vital interests which bind them so closely together, should lead us, in the absence of proof to the contrary, to presume a greater degree of comity, and friendship, and kindness towards one another, than we should be authorized to presume between foreign nations. And when (as without doubt must occasionally happen) the interest or policy of any State requires it to restrict the rule, it has but to declare its will, and the legal presumption is at once at an end.'

"Unless the public policy of the state would prevent the recognition of the decree or such recognition would be injurious to the best interests of the state we must recognize the force and effect of the decrees of our sister states and enforce them in the same manner that they enforce the decrees of courts of our state. We have concluded that there is no conflict with public policy to recognize this Nevada divorce. Gildersleeve v. Gildersleeve, 88 Conn. 689, 92 A. 684, 686, Ann.Cas.1916B, 920.

"* * * It is also our duty to give such faith and credit to foreign decrees as is consistent with the welfare of the state and public policy as enacted by our legislature. It is therefore our conclusion that the Nevada divorce decree was not subject to collateral attack."

In re Hofmann's Estate, 132 Mont. 387, 318 P.2d 230, holds:

"'By "collateral attack" is meant "every proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio.*" Burke v. Inter-State Savings & Loan Ass'n, 25 Mont. 315, 64 P. 879, 881, * * *'. State ex rel. Delmoe v. District Court, 100 Mont. 131, 136, 46 P.2d 39, 42.

"It has been well-settled in this state that a court will overturn a judgment on collateral attack only if the judgment is void on its face, and it appears affirmatively from the judgment roll that the court did not have jurisdiction or committed an act in excess of its jurisdiction."

In Irwin v. Marvel Petroleum Co., 139 Mont. 413, 365 P.2d 221, the court stated:

"A collateral attack is 'every proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio.*' Burke v. Inter-State Savings & Loan Ass'n, 25 Mont. 315, 321, 64 P. 879, 881; Haupt v. Simington, 27 Mont. 480, 483, 71 P. 672; Daly Bank & Trust Co. v. State, 132 Mont. 387, 395, 318 P.2d 230.

"In Thomas v. Oklahoma Tax Commission, 198 Okl. 301, 304, 177 P.2d 498, 502, the court quoting from Powers v. Brown, 122 Okl. 40, 252 P. 27, stated:

"'A "collateral attack" on a judgment or judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner other than by appeal, writ of error, certiorari, or motion for a new trial, or by proper action in equity.'"

By reason of the authorities as shown in the above cases and the oft repeated rule of this court, this case is a collateral attack upon a foreign decree. Therefore, jurisdiction for

such attack is with the court wherein the judgment was rendered, i. e., the Circuit Court of Multnomah County, Oregon.

It should be borne in mind that matters of custody of children, habeas corpus, and alimony or support payments such as arose in Application of Enke, 129 Mont. 353, 287 P.2d 19; State ex rel Lessley v. District Court, 132 Mont. 357, 318 P.2d 571, and like cases, are not here involved. This opinion deals solely with a property settlement agreement in a foreign divorce action.

For the reasons above stated this cause is remanded to the District Court with instructions to vacate and hold for naught its judgment and to make and enter an order dismissing this cause.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON, concur.